488 A.2d 166

Frederick L. JENNINGS

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY.

No. 27, Sept. Term, 1983.

Court of Appeals of Maryland.

Feb. 22, 1985.

G. Richard Collins, Camp Springs, and George M. Blumenthal, Suitland, for appellant.

Francis J. Ford, Rockville (Ford & O'Neill, Rockville, on the brief), for appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, DAVIDSON *, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

The issue before the Court is the validity of the so-called "household exclusion" clause of an automobile liability insurance policy.

On October 3, 1981, in Prince George's County, Maryland, Frederick L. Jennings was a passenger in an automobile,

---

* DAVIDSON, J., participated in the hearing of the case and in the conference in regard to its decision, but died prior to the adoption of the opinion of the Court.

owned by him and operated by his stepson Hong M. Kim, which was involved in an accident. At the time of the accident Mr. Jennings carried a policy of automobile liability insurance issued by Government Employees Insurance Company (GEICO). The policy contained the following exclusionary language:

"EXCLUSIONS:

When Section 1 does not apply:

1. Bodily injury to an insured or any family member of an insured residing in the insured's household is not covered."

At the time of the accident Jennings and Kim resided in the same household.

Jennings brought a negligence action against his stepson Kim in the Circuit Court for Prince George's County, seeking to recover damages for personal injuries sustained in the accident. GEICO received timely notification of the accident and of the suit but refused to provide a defense for Kim. Kim defaulted, and a default judgment was entered in favor of Jennings for one hundred thousand dollars.

Jennings then brought the present declaratory judgment action against GEICO, again in the Circuit Court for Prince George's County, seeking a declaration that GEICO was obligated, by virtue of the insurance policy issued to Jennings, to pay the judgment obtained against Kim. Jennings asserted that the household exclusion in the policy was "void because it is contrary to statute." GEICO answered by denying liability on the basis of the household exclusion, which it claimed was valid. GEICO also sought a declaratory judgment that it was "not obligated to pay any claim or judgment obtained in favor of the Plaintiff ... against ... Kim as a consequence of the accident of October 3, 1981" and that Jennings was "not entitled to any coverage under Section 1 of the policy ... on account of. any injuries sustained by him in the accident of October 3, 1981." Both sides filed motions for summary judgment.

Thereafter, the circuit judge signed and filed an order which simply stated "that the Motion for Summary Judgment filed by the Defendant Government Employees Insurance Company be and the same is hereby granted and judgment is hereby entered in favor of the Defendant." Later "[j]udgment ... in favor of the defendant" was entered on the docket.

Jennings took an appeal to the Court of Special Appeals, and, prior to argument in that court, we issued a writ of certiorari.

(1)

■ Before addressing the merits of the contentions on appeal, it is appropriate to comment upon a procedural point.

In an action properly brought under the Declaratory Judgments Act, the court ordinarily must declare the rights of the parties in light of the issues raised. Maryland Code (1974, 1984 Repl.Vol.), § 3–406 of the Courts and Judicial Proceedings Article; *Mauzy v. Hornbeck*, 285 Md. 84, 90–91, 400 A.2d 1091 (1979). In *Robert T. Foley Co. v. W.S. S.C.*, 283 Md. 140, 155, 389 A.2d 350 (1978), quoting from *Dart Drug Corp. v. Hechinger Co.*, 272 Md. 15, 29, 320 A.2d 266 (1974), we stated:

" 'While a declaratory decree need not be in any particular form, it must pass upon and adjudicate the issues raised in the proceeding, to the end that the rights of the parties are clearly delineated....' "

Moreover, if a plaintiff seeks a declaratory judgment that a contractual clause or legal provision is invalid, "and the court's conclusion regarding ... validity ... is exactly opposite from the plaintiff's contention, nevertheless the court must, under the plaintiff's prayer for relief, issue a declaratory judgment setting forth the court's conclusion as to validity." *East v. Gilchrist*, 293 Md. 453, 461 n. 3, 445 A.2d 343 (1982). *See also Woodland Beach Ass'n v. Worley*, 253 Md. 442, 448, 252 A.2d 827 (1969).

Finally, an order stating only that one party's motion for summary judgment is granted, such as the order filed in the present case, fails to comply with the Declaratory Judgments Act requirement that the court declare the parties' rights in light of the issues presented. *Robert T. Foley Co. v. W.S.S.C., supra,* 283 Md. at 155, 389 A.2d 350.

Consequently, whether or not the household exclusion provision in the subject insurance policy is valid, the circuit court's order in this declaratory judgment action was improper.

(2)

Turning to the merits, Jennings concedes that he falls within that class of persons barred from recovery under the language of the policy and that, therefore, GEICO is under no obligation to satisfy the outstanding judgment if the policy exclusion is valid. Jennings argues, however, that the exclusion is invalid under the public policy of Maryland embodied in the Transportation Article [1] and the Insurance Code,[2] in that it denies the benefits of compulsory automobile liability insurance to a class of claimants.

GEICO, in defending the validity of the household exclusion clause, relies *inter alia* on the fact that no Maryland statutory provision expressly forbids the household exclusion in an automobile liability insurance policy.

It is settled that a clause in an insurance policy, which is contrary to "the public policy of this State, as set forth in ... the Insurance Code" or other statute, is invalid and unenforceable. *Guardian Life Ins. v. Ins. Comm'r,* 293 Md. 629, 643, 446 A.2d 1140 (1982). *See, e.g., Ins. Comm'r v. Metropolitan Life,* 296 Md. 334, 340 n. 6, 463 A.2d 793 (1983); *Nationwide Mutual Ins. v. Webb,* 291 Md. 721, 730, 436 A.2d 465 (1981); *Pennsylvania Nat'l Mut. v. Gartelman,* 288 Md. 151, 156, 416 A.2d 734 (1980); *Reese v.*

---

1. Code (1977, 1984 Repl.Vol., 1984 Cum.Supp.), §§ 17–101 through 17–110 of the Transportation Article.

2. Code (1957, 1979 Repl.Vol., 1984 Cum.Supp.), Art. 48A.

*State Farm Mut. Auto Ins.,* 285 Md. 548, 552 n. 1, 403 A.2d 1229 (1979); *State Farm v. Md. Auto. Ins. Fund,* 277 Md. 602, 356 A.2d 560 (1976). In our view, the household exclusion clause is inconsistent with the public policy which the General Assembly adopted in Ch. 73 of the Acts of 1972, providing for compulsory automobile insurance for all Maryland automobiles with specified required coverages.

Prior to 1972, this Court upheld the applicability of household exclusions in automobile insurance policies under some circumstances but not under others. *Compare, e.g., Parker v. St. Farm Mut. Auto. Ins.,* 263 Md. 206, 209–211, 282 A.2d 503 (1971), and *Kelsay v. State Farm Insurance,* 242 Md. 528, 219 A.2d 830 (1965), *with State Farm v. Briscoe,* 245 Md. 147, 153, 225 A.2d 270 (1967) ("the probability that collusion . . . could prejudice the insurer is so remote that the household exclusion does not operate to relieve the insurer from the obligation to defend"). Beginning in 1972, however, the General Assembly substantially changed the public policy of this State with regard to motor vehicle insurance and reparations for damages caused by motor vehicle accidents. By Ch. 73 of the Acts of 1972, as supplemented by later statutes such as Ch. 562 of the Acts of 1975, primarily codified in §§ 17–101 through 17–110 of the Transportation Article, and §§ 234B, 240AA through 242, 243 through 243L, 539 through 547 of the Insurance Code (Art. 48A), the General Assembly mandated that all Maryland automobiles, plus many other types of motor vehicles, be covered by automobile insurance policies containing certain types of required coverages.[3] Thus each

---

**3.** In addition to mandating compulsory automobile insurance with required coverages, Ch. 73 of the Acts of 1972 effected many other changes, such as creating the Maryland Automobile Insurance Fund, a state-owned automobile insurance company, to insure persons having difficulty obtaining automobile insurance policies in the private sector, abolishing the former assigned risk program, abolishing the former Unsatisfied Claims and Judgment Fund and transferring to some extent its functions to the Maryland Automobile Insurance Fund, enacting new procedures for the cancellation and nonrenewal of automobile insurance policies, and authorization under some cir-

automobile insurance policy must contain coverage for the following: liability insurance for the "payment of claims for bodily injury or death arising from an accident of up to $20,000 for any one person and up to $40,000 for any two or more persons;"[4] property damage liability insurance of up to $10,000;[5] medical, hospital, disability and funeral benefits up to $2,500 covering insureds and their families, as well as specified classes of other persons, regardless of fault;[6] and uninsured motorist coverage.[7] Other coverages must be offered to an insured.[8]

In the same statutory provisions enacted in 1972 and thereafter, the General Assembly expressly authorized specified exclusions from the required coverages. For example, under Art. 48A, § 240C–1, where an insurer would be authorized to cancel or nonrenew an automobile insurance policy because of the driving record or claims experience of one or more but less than all of the insureds under the policy, the person or persons with the poor record can be excluded from the policy in lieu of cancellation or nonrenewal. Other permissible exclusions from certain coverages are set forth in Art. 48A, §§ 541(c)(2) and 545.

Although this Court has not considered the so-called household exclusion in light of the above-reviewed statutory provisions, we have taken the position that generally we

---

cumstances for prejudgment interest in money judgments in automobile personal injury cases.

For more detailed discussions of some of the changes made by Ch. 73 of the Acts of 1972, *see, e.g., Pennsylvania Nat'l Mut. v. Gartelman,* 288 Md. 151, 416 A.2d 734 (1980); *National Grange Mut. Ins. v. Pinkney,* 284 Md. 694, 700–704, 399 A.2d 877 (1979); *Travelers Ins. Co. v. Benton,* 278 Md. 542, 365 A.2d 1000 (1976).

**4.** Section 17–103(b)(1) of the Transportation Article; Art. 48A, § 541.

**5.** Section 17–103(b)(2) of the Transportation Article; Art. 48A, § 541(a).

**6.** Art. 48A, §§ 539 and 540.

**7.** Art. 48A, § 541(c).

**8.** *See* Art. 48A, § 541(d).

will not insert exclusions from the required coverages beyond those expressly set forth by the Legislature. *DeJarnette v. Federal Kemper Ins. Co.,* 299 Md. 708, 725, 475 A.2d 454 (1984); *Pennsylvania Nat'l Mut. v. Gartelman, supra* 288 Md. at 156, 159–160, 416 A.2d 734. The policy involved in the *Gartelman* case excluded from the medical, disability, etc. coverage mandated by Art. 48A, § 539, (*i.e.,* the PIP coverage), an insured who is injured while occupying a motor vehicle owned by a named insured. Like GEICO in the case at bar, the insurer in *Gartelman* contended "that there is 'no statutory bar or evidence of intent to preclude such an exclusion,'" 288 Md. at 155–156, 416 A.2d 734. This Court, in an opinion by Judge Davidson, held that the exclusion was invalid, saying (*id.* at 156, 416 A.2d 734):

"Section 545 expressly provides for only four exclusions from the required PIP coverage. It does not expressly provide an exclusion for an insured occupying an uninsured motor vehicle owned by a named insured. We decline to insert such an exclusion which would be contrary to the remedial legislative purpose of assuring compensation for damages to victims of motor vehicle accidents...."

Recently in *DeJarnette v. Federal Kemper Ins. Co., supra,* 299 Md. at 725, 475 A.2d 454, Judge Couch for the Court, after quoting from *Gartelman* that "'[w]here a statute expressly provides for certain exclusions, others shall not be inserted,'" stated that "we are still in accord with the sound reasoning of *Gartelman* in light of the remedial purpose of Article 48A, §§ 538–547." In our view, GEICO has offered no sound reason why this principle should not be applied to invalidate the household exclusion in the present case.

In addition to the general principle applied in *Gartelman,* there is specific evidence that if the Maryland Legislature had intended to permit the household exclusion from required liability coverage, it would have said so. With respect to the required uninsured motorist coverage, the

General Assembly has provided in Art. 48A, § 541(c)(2), as follows:

> "However, the insurer may exclude from coverage benefits for the named insured or members of his family residing in the household when occupying, or struck as a pedestrian by, an uninsured motor vehicle that is owned by the named insured or a member of his immediate family residing in his household."

No similar provision has been enacted with regard to the required liability coverage.

Under § 17–103(b) of the Transportation Article, setting forth the required security for liability claims, an automobile liability insurance policy

> "shall provide for at least:
>
> (1) The payment of claims for bodily injury or death arising from an accident of up to $20,000 for any one person and up to $40,000 for any two or more persons, in addition to interest and costs;
>
> (2) The payment of claims for property of others damaged or destroyed in an accident of up to $10,000, in addition to interest and costs...."

The exclusion of a large category of claimants, suffering bodily injury arising from accidents, is not consistent with this language. Moreover, if any and all exclusions from this required liability coverage are valid as long as they are not expressly prohibited by statute, the purpose of compulsory automobile liability insurance could be frustrated to a significant extent.[9]

---

**9.** GEICO also argued that this Court's decision in *National Grange Mut. Ins. v. Pinkney*, 284 Md. 694, 399 A.2d 877 (1979), in which this court declined to adopt the so-called "liberal" rule in interpreting omnibus clauses, stands for the proposition that adoption of mandatory liability insurance does not alter prior Maryland case law regarding liability insurance. This is an overbroad interpretation of *Pinkney*. The instant case deals with a policy exclusion that would exclude classes of people. For example, family members of the named insured's household as well as the named insured are precluded from recovery. The person qua person is precluded from recovery. *Pinkney*, on the other hand, dealt with an exclusion based upon an action

Finally, of the cases in other jurisdictions which have addressed the validity of the household exclusion subsequent to enactment of mandatory automobile liability insurance, a clear majority have invalidated the exclusion. *See, e.g., DeWitt v. Young,* 229 Kan. 474, 625 P.2d 478 (1981); *Bishop v. Allstate Ins. Co.,* 623 S.W.2d 865 (Ky.1981); *State Farm v. Sivey,* 404 Mich. 51, 272 N.W.2d 555 (1978); *Transamerica Insurance Co. v. Royle,* 656 P.2d 820 (Mont. 1983); *Estate of Neal v. Farmers Ins. Exch.,* 93 Nev. 348, 566 P.2d 81 (Nev.1977); *Kish v. Motor Club of America Insur. Company,* 108 N.J.Super. 405, 261 A.2d 662, *cert. denied,* 55 N.J. 595, 264 A.2d 68 (1970); *Hughes v. State Farm Mut. Auto. Ins. Co.,* 236 N.W.2d 870 (N.D.1975); *Jordan v. Aetna Casualty & Surety Company,* 264 S.C. 294, 214 S.E.2d 818 (1975); *Allstate Ins. Co. v. Wyoming Ins. Dept.,* 672 P.2d 810 (Wyo.1983).

For example, the Supreme Court of Montana, in holding invalid the household exclusion, traced a statutory history in that state similar to the history in Maryland, stating (*Transamerica Ins. Co. v. Royle, supra,* 656 P.2d at 822):

> "Prior to 1979, Montana law required only certain persons to demonstrate and maintain financial security.... Only those who had their driver's license revoked due to conviction or forfeiture of bail of certain motor vehicle laws were required to demonstrate financial security, i.e., obtain a liability insurance policy.... However in 1979 the legislature mandated liability insurance. Every vehicle owner is now required to certify to the county treasurer that he possesses an automobile liability insurance policy."

From this history the court concluded (656 P.2d at 823):

> "The effect of the language of the Mandatory Insurance Law requires the liability policy to protect against bodily

---

taken by a person—in that case, acquiring permission, or failing to do so, to drive the vehicle. In *Pinkney,* this Court stated "that the public policy of this State as enunciated by the General Assembly is that there should be liability coverage ... for any one person...." 284 Md. at 704, 399 A.2d 877.

injury and property damage to 'any person.' In so providing, the legislature has expressly outlawed the 'household exclusion.' "

In reaching a similar conclusion in *Bishop v. Allstate Ins. Co., supra,* 623 S.W.2d at 865–866, the Supreme Court of Kentucky observed:

"By enacting the MVRA [Motor Vehicle Reparations Act] the legislature established for the first time a system of compulsory insurance for the owners and operators of motor vehicles in Kentucky.... [The statutory scheme] specifies the minimum amounts of coverage that a motor vehicle owner or operator must carry to fulfill these requirements.... [W]hen the legislature stated the policy behind the MVRA and set forth its requirements it specified no exclusions from minimum coverage."

The Kentucky court went on (*id.* at 866):

"An exclusionary clause in an insurance contract which reduces below minimum or eliminates either of these coverages [basic reparation benefits and liability coverage] effectively renders a driver uninsured to the extent of the reduction or elimination. Because the stated purpose of the MVRA is to assure that a driver be insured to a minimum level, such an exclusion provision contravenes the purpose and policy of the compulsory insurance act."

We agree with this and similar reasoning set forth in the above-cited cases. While many exclusions in automobile insurance policies do not conflict with legislative policy and are therefore valid, the so-called household exclusion from compulsory automobile liability insurance does not fall into such category. For the reasons set forth in this opinion, we hold that the household exclusion is invalid.

JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY REVERSED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. APPELLEE TO PAY COSTS.