516 A.2d 586

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY et al.**

No. 18, Sept. Term, 1986.

Court of Appeals of Maryland.

Nov. 7, 1986.

Melvin J. Sykes of Baltimore (Charles E. Stoner, Stoner, Preston & Boswell, Chartered, on the brief), Westminster, for appellant.

Charles N. Ketterman (Douglas M. Scheller, Donahue, Ehrmantraut & Montedonico, Chartered, on the brief), Baltimore, for appellees.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE, and ADKINS, JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals of Maryland (retired) Specially Assigned.

ADKINS, Judge.

In *Jennings v. Government Employees Ins.*, 302 Md. 352, 488 A.2d 166 (1985), we held that the "household exclusion" clause of an automobile liability insurance policy was invalid. We reasoned that the exclusion was contrary to the public policy expressed in Maryland's compulsory automobile liability insurance law. We are now asked to decide a question that was neither raised nor expressly addressed in *Jennings:* Whether the "household exclusion" is wholly invalid, or whether its invalidity extends only to the amount of the minimum liability coverage required by the compulsory insurance law. We adopt the latter position and reverse the judgment of the Circuit Court for Carroll County.

The facts are undisputed. On 17 March 1982 appellant, State Farm Mutual Automobile Insurance Company, issued an automobile liability insurance policy to Robert E. Carroll, Jr. The policy, approved by the insurance commissioner, limited bodily injury coverage to $100,000 for any one person and $300,000 for any one accident. Carroll was the named insured. The policy excluded coverage for injury to "any insured or any member of an insured's family residing in the insured's household." [1]

Carroll owned a 1978 AMC Jeep. In June 1982, the vehicle, operated (with Carroll's permission) by his friend, Christina Glass, and occupied by Carroll and another friend as passengers, went off the road and overturned. Glass and the other friend were killed; Carroll was injured. Glass was insured by appellee, Nationwide Mutual Insurance Company. The Nationwide policy insured her, among other things, against liability for any accident involving her

---

1. The "household exclusion" before us in this case involves two distinct components. One is the exclusion of the insured. The second is the exclusion of family members residing in the insured's household. The facts before us implicate only the first of these components.

use of a motor vehicle belonging to someone who, like Carroll, was not a member of her household.

Carroll sued Glass's estate, claiming damages for his injuries. Later, Nationwide brought the present action against State Farm and Carroll. It sought a declaration that the "household exclusion" in State Farm's policy was void as against public policy. State Farm, for its part, asked the trial court to uphold the exclusion and to declare Nationwide to be the primary insurer. Carroll adopted a neutral position: one of the insurers should pay him; he was indifferent as to which.

While the declaratory judgment action was pending in the Circuit Court for Carroll County, we decided *Jennings*. The parties agreed that *Jennings*, if applicable to this case, eliminated State Farm's argument that the exclusion was entirely valid. The issues in the trial court, therefore, were (1) the retrospective application of *Jennings* and (2) whether the exclusion was valid as to State Farm's coverage above and beyond the statutory minimum personal injury coverage of $20,000/$40,000 prescribed by the compulsory insurance law, Md.Transp.Code Ann., § 17–103(b)(1). *See* Md.Ann.Code, Art. 48A, § 541(a).

The circuit court (Heise, J.) decided both issues against State Farm. State Farm appealed to the Court of Special Appeals, raising only the question of the effect of public policy on the "household exclusion."[2] We issued the writ of *certiorari* while the case was pending in the intermediate appellate court. 305 Md. 683, 506 A.2d 254 (1986).

State Farm now argues that if a contract provision is to be invalidated on the basis of conflict with public policy, the invalidation should extend no further than the demands of that policy: in this case, that motorists have liability coverage in the minimum amounts of $20,000/$40,000 with respect to personal injury. Since public policy, as statutorily

---

**2.** As a consequence, the retrospective application of *Jennings* is not before us. Md.Rule 813 b. We express no views on that point.

promulgated, requires no more coverage than that, an insurance exclusion should be given effect as to larger sums. It views *Jennings* as being perfectly consistent with this approach. Nationwide, on the other hand, points out that *Jennings* held "that the household exclusion is invalid." 302 Md. at 362, 488 A.2d at 171. That being so, it contends the entire exclusion should be excised from the insurance contract; the document should be read as if the exclusion were not there. To place these contentions in context, we briefly review some of the history recited in *Jennings*.

As *Jennings* notes, 302 Md. at 357, 488 A.2d at 168, in or before 1972, this Court had considered the "household exclusion" in a number of cases. Most of them dealt with construction and application of the exclusion; its validity was not questioned. *See, e.g., Hicks v. Hatem*, 265 Md. 260, 289 A.2d 325 (1972); *Parker v. State Farm Mut. Auto. Ins. Co.*, 263 Md. 206, 282 A.2d 503 (1971); *State Farm Mut. Auto. Ins. Co. v. Briscoe*, 245 Md. 147, 225 A.2d 270 (1967). Absent a statute to the contrary, Maryland followed the general rule, which was to uphold the validity of the exclusion. *See* Annot., 46 A.L.R.3d 1024 (1972); Annot., 50 A.L.R.2d 131 (1956). Maryland had held that the exclusion was not invalidated by the public policy expressed in the motor vehicle financial responsibility law (then Code, Art. 66½, § 131 (1957)). *Kelsay v. State Farm Mut. Auto. Ins. Co.*, 242 Md. 528, 219 A.2d 830 (1966).

"Beginning in 1972, however, the General Assembly substantially changed the public policy of this State with regard to motor vehicle insurance and reparations for damages caused by motor vehicle accidents." *Jennings*, 302 Md. at 357–358, 488 A.2d at 168. That change, of course, was the mandating of compulsory automobile insurance with required minimum coverages. Among those provisions are subsections (a) and (b) of § 541, Art. 48A, which in pertinent part provide:

"(a) ... Nothing in this subtitle [Motor Vehicle Casualty Insurance—Required Primary Coverage] affects or limits the provisions of Title 17 of the Transportation

Article, and every policy of motor vehicle liability insurance issued, sold, or delivered in this State shall provide the minimum liability coverage specified therein.

"(b) ... Nothing in this subtitle or in Title 17 of the Transportation Article prevents an insurer from issuing, selling, or delivering a policy of motor vehicle liability insurance providing liability coverage in excess of the requirements of the Maryland Vehicle Law...."

Title 17 of the Transportation Article, to which these subsections refer, calls for minimum coverage for liability "for bodily injury or death arising from an accident of up to $20,000 for any one person and up to $40,000 for any two or more persons, in addition to interest and costs." Section 17-103(b)(1).

These and related statutes were before us in *Jennings.* Judge Eldridge, for the Court, observed that "a clause in an insurance policy, which is contrary to 'the public policy of this State, as set forth in ... the Insurance Code' or other statute, is invalid and unenforceable." 302 Md. at 356, 486 A.2d at 168 (quoting *Guardian Life Ins. v. Ins. Comm'r,* 293 Md. 629, 643, 446 A.2d 1140 (1982)). We base our consideration of the question presented in this case on that established principle. Despite Nationwide's arguments to the contrary, however, *Jennings* does not provide the answer Nationwide seeks.

It is true, as we have already noted, that *Jennings* speaks in broad terms of the invalidity of the household exclusion because of its violation of the statutory compulsory liability insurance policy. But Nationwide reads *Jennings* too sweepingly. While the opinion does not deal explicitly with the issue now before us, it appears that appellant Jennings argued for essentially the result now sought by State Farm. In his brief he contended that "where minimum insurance coverage is statutorily mandated, any provision of an insurance policy which causes there to be less than the statutory amount is void." Brief and Appendix for Appellant Jennings at 13. And in explaining our holding in that case,

Judge Eldridge wrote (quoting *Bishop v. Allstate Ins. Co.*, 623 S.W.2d 865, 866 (Ky.1981)):

> " 'An exclusionary clause in an insurance contract which reduces below minimum or eliminates either of these coverages [basic reparation benefits and liability coverage] effectively renders a driver uninsured to the extent of the reduction or elimination. Because the stated purpose of the MVRA is to assure that a driver be insured to a minimum level, such an exclusion provision contravenes the purpose and policy of the compulsory insurance act.' "

302 Md. at 362, 488 A.2d at 171.

We agreed with this and similar reasoning set forth in other cases cited in the opinion. Read in the light of this language, which immediately precedes the holding in *Jennings*, that case does not foreclose the argument now made by State Farm; rather, it supports that argument.

Put simply, what the legislature has prohibited is liability coverage of less than the minimum amounts required by § 17–103(b)(1) of the Transportation Article. That is the plain import of Art. 48A, § 541(a). *See also* § 541(c)(2).[3] The "household exclusion" violates public policy only to the extent it operates to prevent this mandatory minimum coverage.

Nationwide seeks to avoid this conclusion by arguing that the compulsory insurance law does not authorize the "household exclusion." It is true that this exclusion is not among those expressly permitted by § 541. It also is true that in *DeJarnette v. Federal Kemper Ins. Co.*, 299 Md.

---

**3.** Art. 48A, § 541(c)(2) provides:

"In addition to any other coverage required by this subtitle, every policy of motor vehicle liability insurance issued, sold, or delivered in this State ... shall contain coverage, in at least the amounts required under Title 17 of the Transportation Article, for damages which the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in an accident arising out of the ownership, maintenance, or use of such uninsured motor vehicle."

708, 725, 475 A.2d 454, 463 (1984), we said that " '[w]here a statute expressly provides for certain exclusions, others shall not be inserted.' " (quoting *Pennsylvania Nat'l. Mut. v. Gartelman*, 288 Md. 151, 156, 416 A.2d 734, 737 (1980)). Those cases, however, involved personal injury protection [PIP] coverage required by Art. 48A, § 539. Both involved attempts to avoid PIP coverage by the use of exclusions not authorized by § 545. Had the exclusions considered in the two cases been valid, PIP coverage for the injured person would not have existed. The cases hold only that an exclusion that eliminates mandatory coverage is invalid as against public policy. They are apposite here only insofar as they demonstrate that an exclusion that would avoid mandatory minimum liability coverage is invalid—a point conceded by State Farm. They do not address the problem of an exclusion that affects liability coverage in excess of the mandatory minimum.

Nationwide persuaded Judge Heise that to uphold the exclusion as to coverage above the statutory minimum would somehow deprive the insured of a contractual benefit for which he had paid. The judge found that "The insured has already paid additional premiums in order to purchase the additional coverage." Memorandum of Opinion and Decree at E–90. The record, however, is silent as to how much Carroll paid for his State Farm policy, or how the premium was computed. It could just as readily be inferred that the premium took account of the exclusion contained in the policy. In any case, Judge Heise's finding, being without evidentiary support, is clearly erroneous. Md.Rule 886; *see Stuart Kitchens, Inc. v. Stevens*, 248 Md. 71, 234 A.2d 749 (1967).

Additionally, Nationwide seems to have convinced Judge Heise that "virtually all the courts in the many jurisdictions which have invalidated the household exclusion clause have defined the resulting liability of the insurer to extend to the policy limits." Memorandum of Opinion and Decree, E–89. It makes the same argument to us: "[State Farm] sold the additional coverage even though it knew the Courts were

unanimous in jurisdictions throughout the United States in voiding the 'household exclusion'...." Nationwide's Brief at 10. To suggest that other jurisdictions have unanimously invalidated the "household exclusion" with respect to liability coverage above the required statutory minimum is simply incorrect. As we shall demonstrate, the weight of authority is otherwise. Nevertheless, there are some decisions that support Nationwide's contention. We turn, now, to the two chiefly relied upon by Nationwide.

The first of these is *Meyer v. State Farm Mut. Auto. Ins. Co.,* 689 P.2d 585 (Colo.1984) (en banc). There, despite a strong dissent, the Supreme Court of Colorado held that "where the household exclusion clause has been held invalid because it violates the [Automobile Reparations] Act, the limits of the carrier's liability are those provided by the policy and not the lesser limits required by the statutory standard." 689 P.2d at 592. The Colorado court declared the exclusion invalid partly because it saw little reason for the exclusion, in view of that state's abolition of the doctrine of intra-family immunity in tort.[4] The court then addressed whether the exclusion would be valid above statutory minimums. Fundamental to the court's choice "between two equally compelling arguments," *id.,* was what it viewed as explicitly stated legislative purposes to maximize insurance coverage and to "avoid inadequate compensation to victims of automobile accidents...." *Id. And see* Colo. Rev.Stat. § 10–4–702 (1973). While the Maryland compulsory insurance statutes contain no such language, we have ascribed to them the "purpose of assuring recovery for innocent victims of motor vehicle accidents." *State Farm Mut. Auto. Ins. Co. v. Maryland Auto. Ins. Fund.,* 277 Md.

---

**4.** In the negligent motor tort context, parent-child immunity still exists in Maryland, *Frye v. Frye,* 305 Md. 542, 505 A.2d 826 (1986), although spousal immunity does not, *Boblitz v. Boblitz,* 296 Md. 242, 462 A.2d 506 (1983). In any event, since the case before us deals only with the "insured" portion of the "household exclusion," *see* n. 1, *supra,* the intrafamily immunity concerns that were considered by the Colorado court have no pertinence here.

602, 604, 356 A.2d 560, 562 (1976). But we do not view that purpose as extending beyond the prescribed statutory minimum coverage, so far as the "household exclusion" is concerned. We do not find *Meyers* persuasive.

The second case advanced by Nationwide is *Kish v. Motor Club of America Ins. Co.*, 108 N.J.Super. 405, 261 A.2d 662, *cert. denied*, 55 N.J. 595, 264 A.2d 68 (1970). The New Jersey intermediate appellate court looked to a New Jersey Supreme Court decision, *Selected Risks Ins. Co. v. Zullo*, 48 N.J. 362, 225 A.2d 570 (1966), which stated that "there may no departure from the omnibus coverage described in Section 46 of the Security-Responsibility Act. . . ." 48 N.J. at 374, 225 A.2d at 577. On the strength of this, the *Kish* court concluded that Motor Club could not rely upon the "household exclusion" to relieve it "from the [full] monetary limits of coverage it has stipulated in its policy." 108 N.J.Super. at 411, 261 A.2d at 666. In our view, this decision fails to explain why such a broad ruling is required by a public policy that requires only a specified minimum amount of compulsory liability insurance. This was the case in *Kish* as it is here. We do not accept *Kish's* reasoning. We have previously pointed out that New Jersey's approach to insurance differs from Maryland's. *Nat. Grange Life Ins. Co. v. Pinkney*, 284 Md. 694, 706, 399 A.2d 877, 882–883 (1979).

A few cases in addition to *Meyers* and *Kish* have held the exclusion totally unenforceable, rejecting arguments that unenforceability should be limited to the extent of statutory minimum coverage. These include *Farmers Ins. Group v. Reed*, 109 Idaho 849, 712 P.2d 550 (1985) (3–2 decision on this issue) and *Hughes v. State Farm Mut. Auto. Ins. Co.*, 236 N.W.2d 870 (N.D.1975). And in *Transamerica Ins. Co. v. Royle*, 202 Mont. 173, 656 P.2d 820 (1983) and *Estep v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 105, 703 P.2d 882 (1985), the condemnation of the exclusion is so broad that one may conclude that it was held totally invalid despite the lack of consideration of the minimum coverage

argument. These decisions, however, occupy a minority position and are no more persuasive than *Meyer* and *Kish*.[5]

The majority of jurisdictions that squarely address the issue before us has reached a result consistent with ours in this case. That position is well expressed in *DeWitt v. Young*, 229 Kan. 474, 480, 625 P.2d 478, 483 (1981):

"Finally, we must determine whether the exclusions are void as to the minimum coverage required by statute or whether they extend beyond the statutory minimum and limit any excess coverage provided by the policy. The minimum coverage required to be contained in each motor vehicle liability insurance policy is provided in K.S.A.1980 Supp. 40–3107(e). The Act also allows motor vehicle liability insurance policies to contain coverage exceeding that required under the Act. K.S.A.1980 Supp. 40–3120.

---

**5.** A number of decisions have held the exclusion invalid but, like our *Jennings*, have not discussed the question of its validity as to coverage above the statutory minimum. *See, e.g., Dowdy v. Allstate Ins. Co.*, 68 Or.App. 709, 685 P.2d 444 (1984); *Mutual of Enumclaw Ins. Co. v. Wiscomb*, 25 Wash.App. 841, 611 P.2d 1304, *aff'd*, 95 Wash.2d 373, 622 P.2d 1234 (1980), *on motion for reconsideration*, 97 Wash.2d 203, 643 P.2d 441 (1982); *Allstate Ins. Co. v. Anzalone*, 119 Misc.2d 222, 462 N.Y.S.2d 738 (Sup.1983). The situation in Michigan is unclear. In *State Farm Mut. Auto. Ins. Co. v. Shelly*, 394 Mich. 448, 231 N.W.2d 641 (1975), the Supreme Court of Michigan held an exclusionary clause void as against public policy, but only to the extent of the statutory minimum coverage. Later, in *State Farm Mut. Auto. Ins. Co. v. Sivey*, 404 Mich. 51, 272 N.W.2d 555 (1978), the same court again held that the household exclusion was void as against public policy. It did not discuss statutory minimum coverage nor did it cite *Shelly*. Still later, the Michigan Court of Appeals, reviewing both *Shelly* and *Sivey*, concluded that the household exclusion was totally void. *Detroit Auto. Inter. Ins. Exchange v. Parmelee*, 135 Mich.App. 567, 355 N.W.2d 280 (1984).

Still other states have addressed the issue by statute. For example, California statutorily permits a form of "household exclusion." Cal. Ins.Code § 11580.1(c)(5) (West 1972, 1986 Supp.). Minnesota statutorily forbids the "household exclusion." *See* Minn.Stat.Ann. § 65B.46(2) (West 1986). Wisconsin prohibits the exclusion of "persons related by blood or marriage to the insured...." Wis.Stat.Ann. § 632.32(6)(b)1 (West 1980). And Kansas, after the decision in *DeWitt, infra*, statutorily restored the named insured component of the "household exclusion." *See* Kan.Stat.Ann. § 40–3107(i)(1) (1981).

"Generally, it is held that exclusions in liability insurance policies are valid and enforceable as to amounts exceeding coverage required in financial responsibility laws.... We adhere to this general rule and find the exclusions void only as to the minimum coverage required by statute. The K[ansas] A[utomobile] I[nsurance] R[eparations] A[ct] does not preclude application of the household and garage shop exclusions or any other exclusion to motor vehicle liability insurance coverage in excess of statutorily required limits." [citations omitted][6]

Decisions reaching the same result are *Universal Underwriters Ins. Co. v. American Motorists Ins. Co.,* 541 F.Supp. 755 (N.D.Miss.1982) (applying Mississippi law); *Arceneaux v. State Farm Mut. Auto. Ins. Co.,* 113 Ariz. 216, 550 P.2d 87 (1976); *Bishop v. Allstate Ins. Co.,* 623 S.W.2d 865 (Ky.1981); *Estate of Neal v. Farmers Ins. Exchange,* 93 Nev. 348, 566 P.2d 81 (1977); *Allstate Ins. Co. v. U.S. Fidelity & Guaranty Co.,* 619 P.2d 329 (Utah 1980); *Allstate Ins. Co. v. Wyoming Ins. Dept.,* 672 P.2d 810 (Wyo. 1983); *Clarke v. Progressive American Ins. Co.,* 469 So.2d 319 (La.App.1985); *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Parker,* 382 S.C. 546, 320 S.E.2d 458 (S.C.App.1984).[7] To this list we add a brace of decisions that have reached the

---

**6.** As noted in n. 5, *supra,* the Kansas legislature responded to *DeWitt* by statutorily authorizing the named insured exclusion. That legislative change of policy, while it may express disagreement with the *DeWitt* result, does not vitiate the case's reasoning on the issue now before us.

**7.** The Utah decision in *Allstate Ins. Co. v. U.S. Fidelity & Guaranty, supra,* held the named insured component of the "household exclusion" unenforceable only to the extent of statutory minimum coverage. In a subsequent case, *Farmers Ins. Exchange v. Call,* 712 P.2d 231 (Utah 1985), the Supreme Court of Utah considered the household members component of the exclusion. It reiterated the *Allstate* holding, but because it voided the household member provision on other grounds, it expressly did not address the question of its validity as to coverage above the statutory minimum. 712 P.2d at 236. Since the *Allstate* decision involved the same segment of the "household exclusion" that is now before us, we count Utah as one of the majority jurisdictions on this issue.

same results in cases not involving the "household exclusion" but a provision analogous to it so far as enforceability above statutory minimum coverage is concerned. They are *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 329 S.E.2d 136 (1985) (exclusion of insured who is attempting to avoid apprehension or arrest), and *American Tours, Inc. v. Liberty Mut. Ins. Co.*, 315 N.C. 341, 338 S.E.2d 92 (1986) (attempt to avoid coverage for youthful agent contractually prohibited from using vehicle). *And see Kirshbaum v. Govt. Emp. Ins. Co.*, 607 F.Supp. 40, 42 (E.D.Pa.1984) (dictum).

■ We align ourselves with this majority. As a general rule, parties are free to contract as they wish. *Gardiner v. Gardiner*, 200 Md. 233, 88 A.2d 481 (1952). A contractual provision that violates public policy is invalid, but only to the extent of the conflict between the stated public policy and the contractual provision. *Ins. Comm'r v. Metropolitan Life Ins. Co.*, 296 Md. 334, 340 n. 6, 463 A.2d 793, 796 (1983); *Reese v. State Farm Mut. Auto. Ins. Co.*, 285 Md. 548, 552 n. 1, 403 A.2d 1229, 1231 (1979). *See also American Weekly v. Patterson*, 179 Md. 109, 16 A.2d 912 (1940) (overly-broad covenant not to compete restricted to proper breadth and enforced to that extent); *Restatement (Second) of Contracts*, § 184(2) comment b (1981). The public policy involved here is that all automobile liability policies shall contain bodily injury or death liability coverage in at least the amount of $20,000/$40,000. To permit the "household exclusion" to operate within those limits would be to "deprive injured persons of the protection which the Legislature intended to provide," *Keystone Mut. Cas. Co. v. Hinds*, 180 Md. 676, 682, 26 A.2d 761, 763 (1942), and would violate public policy. *Jennings.* But liability coverage in excess of that minimum is expressly authorized. "Nothing in this subtitle or in Title 17 of the Transportation Article prevents an insurer from issuing, selling, or delivering a policy of motor vehicle liability insurance providing liability coverage in excess of the requirements of the Maryland Vehicle Law." Art. 48A, § 541(b). "There shall be avail-

able to the insured the opportunity to contract for higher amounts than those provided under Title 17 of the Transportation Article...." Art. 48A, § 541(c)(2). The General Assembly has not restricted the ability of parties to contract for or to limit coverage with respect to that "excess" or those "higher amounts." The public policy embodied in the compulsory insurance law extends only to liability coverage up to and including the statutory minimum coverage.

■ We hold, therefore, that the "insured" segment of a "household exclusion" clause in an automobile liability insurance policy is invalid to the extent of the minimum statutory liability coverage. So far as the public policy evidenced by the compulsory insurance law is concerned, it is a valid and enforceable contractual provision as to coverage above that minimum. Since the Circuit Court for Carroll County declared otherwise with respect to the excess coverage, we reverse the judgment of that court.

JUDGMENT REVERSED. CASE REMANDED FOR ENTRY OF A DECLARATION CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE NATIONWIDE MUTUAL INSURANCE COMPANY.