575 A.2d 339

**Charles Marion WALTHER et ux.**

v.

**ALLSTATE INSURANCE COMPANY.**

**No. 1599, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

June 21, 1990.

Alan S. Feld (Bulman, Dunie, Burke & Feld, on the brief), Bethesda, for appellants.

Thomas Patrick Ryan (McCarthy, Wilson & Ethridge, on the brief), Rockville, for appellee.

Argued before GILBERT, C.J., and MOYLAN, and ROBERT M. BELL, JJ.

GILBERT, Chief Judge.

This appeal arises from the Circuit Court for Montgomery County, wherein Judge William C. Miller ruled that Allstate Insurance Company, because of a household exclusionary clause, was not obligated to indemnify Charles and Barbara Walther for more than the statutory minimum provided in the Maryland Financial Responsibility Law.[1]

The single issue before us is whether, in the light of the Court of Appeals decision in *Boblitz v. Boblitz*, 296 Md. 242, 462 A.2d 506 (1983), declaring invalid interspousal immunity, the circuit court erred "in determining that the limit of liability for insurance coverage for claims by household members" is the amount "required by the Maryland Financial Responsibility Law."

At the time of the incident for which claim is made, Charles and Barbara Walther were husband and wife. Mrs.

---

1. The Maryland Transportation Code Annotated, § 17–103(b)(1), provides for the payment of minimum benefits up to $20,000 for any one person and up to $40,000 for any two or more persons for bodily injuries or death resulting from an accident.

Walther was injured when she attempted to exit the car while her husband was simultaneously causing the vehicle to accelerate. The car door struck Mrs. Walther, injuring a femur, ankle, knee, and hip. Mr. Walther was insured by Allstate Insurance Company. His policy coverage was in the amount of $50,000 per person and $100,000 per occurrence. Notwithstanding those policy limits, Allstate offered Mrs. Walther $20,000 in settlement of all claims, asserting that, with respect to her, that sum was the policy limit.

The limitation, Allstate says, is written into the insurance contract under what is commonly referred to as the "household clause." That clause specifically excludes "bodily injury to any person related to an insured person by blood, marriage, or adoption and residing in that person's household, to the extent that the limits of liability for this coverage exceed the limits of liability required by the Maryland Financial Responsibility Law." The Maryland Financial Responsibility Law, Md. Transp.Code Ann., § 17–103(b)(1), currently requires minimum insurance coverage in the amount of $20,000. Both parties moved for summary judgment. In a written opinion, Judge Miller concluded that the "household clause" limitation on liability for bodily injury does not violate public policy. Judge Miller ruled that the limit of liability insurance coverage, with respect to Mrs. Walther under her husband's policy with Allstate, was $20,000.

■ Because *Boblitz* abolished interspousal immunity in negligence cases, the Walthers aver that the limitation on household claims imposed by the Maryland Financial Responsibility Law violates the public policy derived from *Boblitz*. The Walthers reason that the abrogation of interspousal immunity not only permits Mrs. Walther to sue her husband for *all* damages she sustained as a result of his negligence but to assert that because the Maryland Financial Responsibility Law prohibits them from recovering damages in excess of $20,000 it violates public policy. Overlooked by that simplistic argument is the fact that Mrs. Walther is not precluded from recovering damages from

her husband in excess of $20,000 but merely from obtaining more than $20,000 from her husband's insurance carrier, Allstate. The *Boblitz* Court said:

"We share the view now held by the vast majority of American States that the interspousal immunity Rule is unsound in the circumstances of modern life in such cases as the subject. It is a vestige of the past. We are persuaded that the reasons asserted for its retention do not survive careful scrutiny. They furnish no reasonable basis for denial of recovery for tortious personal injury. We find no subsisting public policy that justifies retention of a judicially created immunity that would bar recovery for injured victims in such cases as the present."

*Boblitz*, 296 Md. at 273, 462 A.2d 506 (citation omitted).

Subsequent to *Boblitz*, the Court decided *Jennings v. Government Employees Ins.*, 302 Md. 352, 488 A.2d 166 (1985). There it was held that the "household exclusion" clause of GEICO's insurance policy was invalid because it ran afoul of the Maryland Financial Responsibility Law. The GEICO policy sought to exclude household members from any recovery from the insurer. The *Jennings* Court stated that the denial of benefits to a household member was void as against public policy because the Maryland Financial Responsibility Law requires coverage of at least the legislatively mandated minimum amount.

Lest there be any doubt as to *Jennings*' holding pertaining to the validity generally of "household exclusion clauses," the Court in *State Farm Mut. v. Nationwide Mut., et al.*, 307 Md. 631, 516 A.2d 586 (1986), held that the "household clause" of insurance policies was invalid only if the clause excluded less than the prescribed statutory minimal liability required by Md. Transp.Code Ann. § 17–103(b)(1).

Footnote 1 in *State Farm* clearly indicates that the Court was addressing a factual situation involving the exclusion of the insured, himself, as distinguished from members of his household. Nevertheless, the Court specifically rejected the holdings in *Estep v. State Farm Mut. Auto. Ins. Co.*,

103 N.M. 105, 703 P.2d 882 (1985), *Hughes v. State Farm Mut. Auto. Ins. Co.*, 236 N.W.2d 870 (N.D.1975), and *Meyer v. State Farm Mut. Auto. Ins. Co.*, 689 P.2d 585 (Colo. 1984). All three of those cases declared totally invalid "household exclusion clauses" that prevented an injured wife from recovery under the policy.

*Estep* involved a widow's claim, in a dual capacity, against her deceased husband's automobile insurance carrier. The widow asserted a claim in her individual capacity as an injured party and in an official capacity as personal representative of the decedent's estate. The New Mexico Supreme Court, in a 3–2 decision, upheld the widow's claim, declaring *all* "household exclusions" void as against public policy.

*Hughes* was concerned with a claim by a wife arising from a snowmobile collision. Both the husband and wife were "named" insureds under the policy. At the time of the accident the wife was a passenger in the vehicle driven by her husband. The Hughes's insurance carrier denied liability on the basis of the "household exclusion clause." The North Dakota Court declared that the "household exclusion" provision was violative of public policy.

The Colorado Supreme Court in *Meyer* consolidated three appeals into one. One of the three cases, *Aguine*, also involved a husband and wife. The wife was injured as a result of a one car collision. She sued her husband. The Colorado Court in holding that the wife could recover under her husband's policy struck down the "household exclusion clause."

The fact that *Estep*, *Hughes* and *Meyer* were rejected by the Court of Appeals in *State Farm v. Nationwide* leads us to draw the inference that the Court's opinion is more sweeping than the footnote professes it to be. At least, *State Farm* implicitly approved the household exclusion clause's application to spouses of insured motor vehicle operators.

Our inference as to a spouse's being embraced within the household exclusion clause is strengthened by those foreign cases upon which the Court in *State Farm* relied and "aligned" itself.

Among those cited cases are *Dewitt v. Young,* 229 Kan. 474, 625 P.2d 478 (1981) (claim by named insured who was injured while passenger in own car); *Pennsylvania Nat. Mut. Cas. Ins. v. Parker,* 282 S.C. 546, 320 S.E.2d 458 (1984) (insured's son's use of pickup truck involved in fatal accident); *Bishop v. Allstate Ins. Co.,* 623 S.W.2d 865 (Ky.1981) (wife against husband—exclusionary clause that eliminated minimum coverage for tort liability was void as against public policy); *Arceneaux v. State Farm Mutual Automobile Ins. Co.,* 113 Ariz. 216, 550 P.2d 87 (1976) (child suit against father—recovery limited to household exclusion provision which complied with the State's Motor Safety Responsibility Act); *Estate of Neal v. Farmers Ins. Exch.,* 93 Nev. 348, 566 P.2d 81 (1977) (household exclusion void insofar as it seeks to eliminate the statutory minimum insurance).

Our distillation of the above cited cases results in the conclusion that motor vehicle insurance household exclusion clauses are invalid only if they contravene the State's financial responsibility act. Although the Walthers read *Boblitz,* when superimposed upon *Jennings* and *State Farm,* as voiding *all* household exclusion clause limitations, as between husband and wife, we do not see it that way. Nothing in *Boblitz* purports to declare that the minimum coverage mandated by Transp. Art. § 17–103(b)(1) does not apply to an insured's spouse.

Maryland Annotated Code art. 48A, § 545(c) provides: "The Insurer may exclude from the coverage described ... benefits for the named insured or members of his family residing in the household when occupying an uninsured motor vehicle that is owned by the named insured or a member of his immediate family residing in his household."

■ Insurers have a right to limit their liability and to impose whatever condition they please in the policy so long as neither the limitation on liability nor the condition contravenes a statutory inhibition or the State's public policy. "A contractual provision that violates public policy [, however,] is invalid, but only to the extent of the conflict between the stated public policy and the contractual provisions." *State Farm,* 307 Md. at 643, 516 A.2d 586. *Boblitz,* as a matter of public policy, abrogated interspousal immunity, not a contractual limitation on insurance benefits.

The General Assembly of Maryland amended Md.Ann. Code art. 48A, § 545(c) in 1989, six years after the *Boblitz* decision. Presumably that legislative body knew of *Boblitz, Jennings,* and *State Farm v. Nationwide* at the time of the amendment. The amendment was limited to substituting in the statute the word "described" for "prescribed" and the insertion of the phrase "of the subtitle." Significantly, we think the Legislature did not exempt spouses from the "household exclusionary clause."

The "household clause" in the Walthers's insurance contract limits the amount a spouse may recover from the insurance carrier for injuries resulting from an automobile accident for which the insured is responsible. The clause does not prohibit an injured spouse from maintaining an action against the other spouse for damages in excess of the insurance policy limitations.

At the time Mr. Walther entered into the contract for auto insurance with Allstate, he covenanted that any claim by members of his household for damages would not be covered by the policy limits if the claim exceeded the statutory minimum required by the Maryland Financial Responsibility Law.

We hold that the household exclusionary clause sanctioned by Md.Ann.Code art. 48A, § 545 applies to the named insured and *all* members of his, her, or their household to the extent that the policy coverage exceeds the statutory minimum. Phrased differently, a household exclusion limits

the amount a household member may recover to the sum mandated by the Maryland Financial Responsibility Law.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.

ROBERT M. BELL, Judge, dissenting.

In *State Farm Mut. v. Nationwide Mut.*, 307 Md. 631, 644, 516 A.2d 586 (1986), the Court of Appeals held "that the 'insured' segment of a 'household exclusion' clause in an automobile liability insurance policy is invalid to the extent of the minimum statutory liability coverage. So far as the public policy evidenced by the compulsory insurance law is concerned, it is a valid and enforceable contractual provision as to coverage above that minimum." In footnote 1, the Court defined the nature of the "household exclusion":

The "household exclusion" before us in this case involves two distinct components. One is the exclusion of the insured. The second is the exclusion of family members residing in the insured's household. The facts before us implicate only the first of these components.

*Id.*, 307 Md. at 633, 516 A.2d 586. Thus, inasmuch as it addressed only one aspect of the exclusion, the Court's holding was a narrow one. That this is so is evident from the fact that, in subsequent footnotes, the Court continued to refer to the insured aspect of the exclusion. In footnote 4, for example, while explaining why *Meyer v. State Farm Mutual Auto. Insurance Company*, 689 P.2d 585 (Colo. 1984) (en banc), a case which dealt with intra-family immunity, rather than inter-spousal immunity, was not persuasive, the Court pointed out that, "Since the case before us deals only with the 'insured' portion of the 'household exclusion,' ... the intrafamily immunity concerns that were considered by the Colorado court have no pertinence here." Similar explanations were made in the footnotes that followed.

Notwithstanding the foregoing, focusing on footnote 1, and relying upon the Court's rejection, as unpersuasive, of the rationale enunciated in *Estep v. State Farm Mutual*

*Auto. Insurance Company,* 103 N.M. 105, 703 P.2d 882 (1985); *Hughes v. State Farm Mutual Auto. Insurance Company,* 236 N.W.2d 870 (N.D.1975), and *Meyer v. State Farm Mutual Auto. Insurance Company,* 689 P.2d 585 (Col.1984), the majority "draw[s] the inference that the Court's opinion [in *State Farm v. Nationwide*] is more sweeping than the footnote professes it to be" and concludes that "*State Farm* implicitly approved the household exclusion clause's application to spouses of insured motor vehicle operators." At 409. The majority's position is further buttressed, we are told, by "those foreign cases upon which the Court in *State Farm* relied and 'aligned' itself." At 409–410.

I totally disagree with the majority. In my opinion, *State Farm* is a well-reasoned and well-crafted opinion. Rather than being haphazard, it represents a masterful job of draftsmanship. The scope of the opinion, and by necessary implication, its limitations were established very early on. The Court was careful to point out, in the first footnote, what was at issue and, indeed, what was not. As it discussed the cases pro and con, pertinent to the issue presented, and any legislative action bearing on the subject, it was careful to note, usually in a footnote, how it was that they, or the actions, were pertinent to the issue before it. In fact, careful reading of the footnotes, in context, makes obvious that the Court's entire discussion focused upon the rationale, rather than the factual context, of the various cases and how that rationale related to the issue of the viability of the "insured" aspect of the household exclusion. Thus, we may only assess the Court's discussion of the cases, both pro and con, in the context of the "insured" aspect of the exclusion. Indeed, I believe that *State Farm,* by its very terms, does not even address the "other family members" segment of the household exclusion. If this were not sufficient, the Court's holding, as we have seen, explicitly addressed *only* the " 'insured' segment" of the household exclusion. Consequently, I do not believe that the majority's very broad reading of *State Farm* is correct.

And, in my opinion, the Court's limitation of its holding, particularly in view of the careful way in which it did so, is significant. Since they are but different segments of the same issue, it would have been very simple, and, indeed, would have provided clearer guidance, for the Court simply to have addressed the household exclusion in a unitary fashion. And, given the different foci of the cases discussed by the Court, there was every incentive, if the considerations are indeed the same, for the Court to have addressed them together. It did not, however, as we have seen. I believe that it did not because it recognized that there are different considerations applicable to each segment of the exclusion; the "other household members" segment involves different considerations than does the "insured" segment. And within the "other household members" segment, itself, there are sub-segments [1] as to each of which there may also be different considerations, depending upon the relationship of the household member to the insured.[2]

To focus the inquiry in this case properly, in addition to the *State Farm* case, *Boblitz v. Boblitz*, 296 Md. 242, 462 A.2d 506 (1983) and *Jennings v. Government Employees Insurance Company*, 302 Md. 352, 488 A.2d 166 (1985), must be considered and analyzed. The Court of Appeals, in *Boblitz*, abolished inter-spousal immunity in negligence cases. In so holding, it rejected the reasons asserted in favor of the immunity as providing "no reasonable basis for denial of recovery for tortious personal injury", finding no "subsisting public policy" to justify its retention, 296 Md. at

---

**1.** In addition to the interspousal sub-segment, the parent-child sub-segment immediately comes to mind.

**2.** While interspousal immunity has been fully abrogated, *Boblitz v. Boblitz, infra,* parent-child immunity has not. *See Frye v. Frye,* 305 Md. 542, 505 A.2d 826 (1986). *Hatzinicolas v. Protopapas,* 314 Md. 340, 550 A.2d 947 (1988) represents limited loosening of the doctrine. That case held that a child may sue his or her father's business partner for an act of negligence committed in the operation of the partnership business. 314 Md. at 356–60, 550 A.2d 947.

273, 462 A.2d 506. Significantly, the decision was not dependent upon the existence, or nonexistence, of insurance. Whether and, if so, how, the Maryland Financial Responsibility law would impact on spousal suits in which insurance is a resource was not presented. The effect of the *Boblitz* decision was, in my opinion, to place the injured spouse, on an equal footing with strangers, *i.e.*, to permit one spouse to sue the other for negligence and to recover the damages to which he or she is entitled to the same extent as would be a stranger.

In *Jennings*, the Court of Appeals was faced with the question whether the "household exclusion" clause of an insurance policy which excluded *any* recovery for either the insured or any member of his or her household was invalid as being contrary to the Maryland Financial Responsibility law. 302 Md. at 354, 488 A.2d 166. The Court held that it was, finding such a clause, under the circumstances, to be "inconsistent with the public policy which the General Assembly adopted in Ch. 73 of the Acts of 1972, providing for compulsory automobile insurance for all Maryland automobiles with specified required coverages." 302 Md. at 357, 488 A.2d 166. Having determined that "[t]he exclusion of a large category of claimants, suffering bodily injury arising from accidents, is not consistent with [the provisions of the Maryland Transportation Code Ann. § 17–103(b) [3]]", *id.*, 302 Md. at 360, 488 A.2d 166, the Court went on to observe that

if any and all exclusions from this required liability coverage are valid as long as they are not expressly prohibited by statute, the purpose of compulsory automo-

---

**3.** Section 17–103(b) provides that an automobile liability insurance policy:

   shall provide for at least:
   (1) The payment of claims for bodily injury or death arising from an accident of up to $20,000 for any one person and up to $40,000 for any two or more persons in addition to interest and costs;
   (2) The payment of claims for property of others damaged or destroyed in an accident up to $10,000, in addition to interest and costs....

bile liability insurance could be frustrated to a significant extent. *Id.* Once again, the issue presented on this appeal was not there clearly presented. The Court was not specifically asked to decide if the household exclusion was totally invalid or simply invalid only to the extent of the mandatory insurance coverage.

Noting, and emphasizing, the narrowness of the *State Farm* holding, appellants' argument, which the majority characterizes as simplistic, is that *Boblitz*, read in light of *Jennings*, controls this case. They assert that the placement of a limit on the amount Mrs. Walther may recover from appellee violates the public policy pursuant to which *Boblitz* was decided. In short, appellants maintain that Mrs. Walther is entitled to the same rights under her husband's policy as would be a stranger. In response, the majority argues: Mrs. Walther is not precluded from recovering damages over and above the minimum amount of insurance coverage required by law, she simply is prohibited from obtaining that excess from appellee. I agree with appellants.

The position taken by the majority undermines and, indeed, retards, the continuing vitality of the abolition of the inter-spousal immunity doctrine. It is certainly inconsistent with it. The abolition of inter-spousal immunity has meaning only if one spouse is able to maintain an action against the other and, more importantly, recover from that spouse to the same extent that a stranger could. No problem is presented when insurance is not involved; the injured spouse, as would the stranger, looks solely to the negligent spouse for compensation. Where, however, the act of negligence is covered by insurance, a somewhat different situation exists. Ordinarily, as is the situation *sub judice*, the policy of insurance will provide for the payment "for all damages an insured is legally obligated to pay because of bodily injury...." Thus, in that scenario, a successful unrelated litigant is entitled to recover from the insurer all of his or her damages up to the face amount of the policy.

After *Boblitz,* an injured spouse was able to recover to the same extent. Under the majority decision, upholding the validity of the household exclusion as to the excess insurance above the minimum required, however, an injured spouse coming within the negligent spouse's policy coverage, who, in all respects save relationship to the insured, is in the same situation as a stranger, may recover only the minimum required coverage. This result, while paying lip service to *Boblitz's* abolition of interspousal immunity, substitutes a more subtle form of immunity, which has the effect of undermining *Boblitz.*

The majority justifies its position by observing that "Nothing in *Boblitz* purports to declare that the minimum coverage mandated by Transp. Art. § 17–103(b)(1) does not apply to an insured's spouse," slip op. at 6–7, and by pointing out that Md.Code Ann. art. 48A, § 545(c) permits an insurer to insert, in a policy, a household exclusion in connection with an uninsured motor vehicle. It also relies upon the insurer's right to limit its liability and to impose such conditions, by contract, that it wishes so long as it does not "[contravene] a statutory inhibition or the state's public policy." At 411. As to that, the majority emphasizes the truism recognized and enunciated in *State Farm* that "A contractual provision that violates public policy . . . is invalid, but only to the extent of the conflict between the stated public policy and the contractual provisions." *Id.,* quoting *State Farm,* 307 Md. at 643, 516 A.2d 586.

The majority is, of course, correct, *Boblitz* does not purport to declare that the minimum coverage mandated by § 17–103(b)(1) does not apply to an insured's spouse, but neither does it purport to declare that it *does* apply. The majority's reliance on Art. 48A § 545(c) is simply irrelevant; it permits such an exclusion with respect to an uninsured motor vehicle, not, as here, an insured one. Nor does the majority's reliance upon the insurer's right to limit its liability have validity.

To hold the household exclusion totally invalid insofar as husband and wife is concerned does no violence, whatsoev-

er, to the right of an insurer to contract with its insured, consistent with public policy. In this case, public policy favors permitting one spouse to sue the other for negligence and to recover for injuries caused by that spouse's negligence. That public policy is contravened when the insured, by contracting with the insurer, can limit his or her spouse's recovery. This is so because, in effect, such a contract, at least partially, abrogates the Court's prior abolition of inter-spousal immunity. To be sure, such a holding would, and does, as the majority says, interfere with the insurer's right to contract; however, it does so consistent with, and in the same sense that the requirement of mandatory minimum insurance coverage does. As such, it goes only as far as the law permits and no further.

I would reverse.