Cleo SMALLS, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

Cleo SMALLS, Appellee.

Nos. 93–CV–95, 93–CV–172.

District of Columbia Court of Appeals.

Argued May 25, 1995.

Decided June 26, 1996.

Frederic W. Schwartz, Jr., Washington, DC, for Cleo Smalls.

Harold E. Jordan, Washington, DC, with whom Mark M. Jones was on the brief, for State Farm Mutual Automobile Insurance Company.

Before WAGNER, Chief Judge, and TERRY and STEADMAN, Associate Judges.

TERRY, Associate Judge:

These cross-appeals present us with an issue of first impression: whether a "household exclusion" clause contained in an automobile insurance policy is invalid because it violates a statutory requirement that owners of automobiles in the District of Columbia carry third-party liability insurance. We are also faced with a less complex issue of whether the household exclusion clause in this particular case was subject to the doctrine of reasonable expectations. The trial court

held that the household exclusion clause was invalid, but only to the extent that it conflicted with the statute, and that the doctrine of reasonable expectations was inapplicable to this case. We agree with both rulings and accordingly affirm the judgment.

## I

On July 28, 1987, Cleo Smalls and her husband, Isaac Smalls, were riding in their family automobile. Mrs. Smalls was driving, and Mr. Smalls was in the right front passenger seat. While traveling along Brentwood Road, N.E., the car struck a tree at the side of the road. Although Mrs. Smalls was unhurt, Mr. Smalls was severely injured and later died as a result of his injuries. Before his death, however, Mr. Smalls incurred over $500,000 in medical expenses.

At the time of the collision, Mr. Smalls was a resident of the District of Columbia and owned an automobile liability insurance policy issued by State Farm Mutual Automobile Insurance Company. The policy also included $100,000 in personal injury protection (PIP), which covered bodily injuries, lost wages, and death benefits for Mr. Smalls himself.[1] Mrs. Smalls was not the named insured and was not a party to the insurance contract.

Under the liability clause of Mr. Smalls' policy, State Farm agreed to pay damages up to $300,000 resulting from bodily injuries suffered by third parties which the insured (Mr. Smalls) or the insured's spouse (Mrs. Smalls) became legally obligated to pay on account of the negligent operation of the Smalls family car. The policy's household exclusion clause, however, stated that "no coverage" was provided "for any bodily injury to ... any insured or any member of an insured's family residing in the insured's household."

In February 1989 the five surviving children of Isaac Smalls filed suit against Cleo Smalls, alleging that their mother's negligent operation of the family car was the proximate cause of their father's fatal injuries. In their complaint the Smalls children sought $1.5 million in damages.[2]

Several months later State Farm filed this suit against Mrs. Smalls, seeking a declaratory judgment that the household exclusion clause of Mr. Smalls' insurance policy was valid and enforceable. Such a ruling, if obtained, would mean that State Farm would have no obligation to pay any sums awarded to the children in their suit against Mrs. Smalls. After a non-jury trial in which most of the facts were stipulated, the court issued a memorandum opinion finding the household exclusion clause to be "clear and unambiguous." The court also ruled, however, that although this clause was not invalid *per se*, it conflicted in part with the District of Columbia Compulsory No–Fault Motor Vehicle Insurance Act, D.C.Code §§ 35–2101 *et seq.* (1993) ("the No–Fault Act"). That Act, among other things, requires District of Columbia residents to maintain liability insurance coverage of at least $25,000 per person and $50,000 for all persons injured in any one accident. *See* D.C.Code § 35–2106(c). Consequently, the court held that the household exclusion clause was invalid to the extent that it would relieve State Farm of liability for the statutorily imposed $25,000/$50,000 minimum coverage, but that it was valid as to any amount in excess of those sums. In practical terms, the court's ruling exposed State Farm to a maximum liability of $50,000 in the case brought by the Smalls children. Both State Farm and Mrs. Smalls have appealed from the trial court's judgment.

## II

Before this court Mrs. Smalls makes the same contentions that she made at trial: first, that the household exclusion clause in State Farm's insurance policy violates the District's statutory requirement of third-party liability insurance; and second, that the clause is void in any event because it is contrary to Mrs. Smalls' reasonable expectations under the policy. As the trial court did in its memorandum opinion, we shall address these arguments in reverse order.

---

1. State Farm has paid in full all amounts owed under the PIP provisions of the policy.

2. The children's suit against their mother has been held in abeyance pending the outcome of this appeal.

## A. The Doctrine of Reasonable Expectations

■ Since insurance contracts are written exclusively by insurers, courts generally interpret any ambiguous provisions in a manner consistent with the reasonable expectations of the purchaser of the policy. *See Western Exterminating Co. v. Hartford Accident & Indemnity Co.*, 479 A.2d 872, 877 (D.C.1984); *Keene Corp. v. Insurance Co. of North America*, 215 U.S.App. D.C. 156, 163–164, 667 F.2d 1034, 1041–1042 (1981), *cert. denied*, 455 U.S. 1007, 102 S.Ct. 1644, 1645, 71 L.Ed.2d 875 (1982). However, when such contracts are clear and unambiguous, they will be enforced by the courts as written, so long as they do not "violate a statute or public policy." *Robinson v. Aetna Life Insurance Co.*, 288 A.2d 236, 238 (D.C.1972).

The trial court found that the insurance policy purchased by Mr. Smalls provided liability coverage for injuries resulting from the negligent operation of the Smalls automobile when it was under the operation of an "insured." According to the policy, an "insured" was defined to include Mr. Smalls himself, his spouse, any relatives of Mr. Smalls living in his household, and any other person using the vehicle with his consent.

■ With respect to third-party liability, the policy obligated State Farm to pay damages up to $300,000 "for which an insured is legally liable." At the same time, however, the policy stated that no coverage existed for "ANY *BODILY INJURY* TO ... ANY *INSURED* OR ANY MEMBER OF AN *INSURED'S* FAMILY RESIDING IN THE *INSURED'S* HOUSEHOLD" (capitalization and italics in original). It was this language that the trial court held to be clear and unambiguous and, consequently, not subject to the doctrine of reasonable expectations.

■ The terms of a written contract will be deemed unambiguous when a court "can determine its meaning without any other guide than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends...." 17A C.J.S. *Contracts* § 294, at 34–35 (1963) (footnotes omitted), cited with approval in *Burbridge v. Howard University*, 305 A.2d 245, 247 (D.C.1973). We agree with the trial court that the household exclusion clause at issue in this case is clear and unambiguous, and that it contains neither technical terms nor words of art. Consequently, there is no legal basis for considering whether it was consistent with Mrs. Smalls' reasonable expectations. We find no error in the trial court's refusal to do so.[3]

## B. The Household Exclusion Clause

■ Mrs. Smalls contends that the household exclusion clause in her husband's insurance contract is contrary to public policy as embodied in the No–Fault Act, and should therefore be held invalid. Specifically, she argues that the No–Fault Act (1) contains no exceptions for coverage of injured third parties based on their legal status within a particular insured's policy; (2) speaks in terms of liability instead of party standing, so that the term "third party" is merely a transactional phrase relevant only within the context of an automobile accident; and (3) prohibits any insurance policy from containing provisions that waive statutory coverage requirements.

In response, State Farm contends that by omitting any language requiring coverage for bodily injuries to multiple parties classified as "insured" (in this case, Mr. and Mrs. Smalls), the Act implicitly allows insurers to exclude coverage for injuries incurred by such insureds under the same policy. State Farm also maintains that this interpretation is buttressed by the fact that Mr. Smalls had the option (of which he took advantage) to purchase additional PIP coverage for any injuries that he himself might suffer in an automobile accident. We see nothing in the arguments presented by either party which would warrant reversal of the trial court's judgment.

---

3. The trial court also opined that, since Mrs. Smalls was not a party to the insurance contract, it was "doubtful" that she had standing to invoke the doctrine of reasonable expectations; nevertheless, the court elected to decide the case on the merits. We likewise assume, without deciding, that Mrs. Smalls has standing and accordingly address the merits of her claim.

The stated purpose of the No–Fault Act is "to provide adequate protection for victims who are injured in the District or who are injured while riding in motor vehicles registered or operated in the District." D.C.Code § 35–2101(b). In furtherance of this purpose, the Act mandates that insurers provide, and vehicle owners possess, third-party liability policies[4] which "shall provide that any liability of an insured to pay for injury arising from an accident within or outside the District of Columbia, in accordance with applicable law, shall be paid by the insurer up to the amount established in the policy." D.C.Code § 35–2106(c).[5] *See also* D.C.Code §§ 35–2103(a) (requiring every owner of a motor vehicle registered in the District to "maintain insurance required by § 35–2106") and 35–2106(a)(1)(D)(ii) (requiring every "insurer selling motor vehicle insurance in the District . . . to offer insurance which shall provide at least all minimum benefits required by this chapter with respect to . . . third-party personal liability"). The Act also requires insurers to offer, along with third-party liability coverage, optional personal injury protection (PIP) coverage which an insured may also elect to purchase. D.C.Code § 35–2104(a)(1). If purchased, such coverage would apply "only to a victim who is an insured or an occupant of the insured's vehicle or of a vehicle which the insured is driving." *Id.*

■ It is settled law that when a court interprets a statute, "[t]he words of the statute should be construed according to their ordinary sense and with the meaning commonly attributed to them." *Davis v. United States,* 397 A.2d 951, 956 (D.C.1979) (citation omitted). Given this basic rule, and in light of the remedial purpose of the No–Fault Act, we hold that the trial court correctly interpreted the term "third party" to refer to any person injured by the insured tortfeasor. In the first place, the language requiring automobile owners to purchase third-party liability insurance does not limit coverage to a particular class of victims. *See* D.C.Code §§ 35–2102, 35–2106(c). Moreover, State Farm's reliance on Mr. Smalls' purchase of additional PIP coverage is of no help to its case, since that purchase was entirely optional on Mr. Smalls' part.[6] Finally, the Act itself states that while insurance policies containing the mandatory minimum amounts of protection "may provide terms more favorable to named insureds than are required by this chapter . . . no policy shall contain any provision which waives any of the requirements of this chapter." D.C.Code § 35–2109(*l*). If we were to accept State Farm's argument, we would be saying that the household exclusion clause may lawfully do exactly what this section of the Act forbids.

We agree with the trial court that, although the household exclusion clause conflicts with the No–Fault Act, it is invalid only to the extent of that conflict. Generally, parties are free to enter into whatever contractual agreements they wish. That freedom is curtailed by the courts only when such contracts, or contractual provisions, run contrary to public policy. *Wisconsin Avenue Associates v. 2720 Wisconsin Avenue Cooperative Ass'n,* 441 A.2d 956, 964 (D.C.), *cert. denied,* 459 U.S. 827, 103 S.Ct. 62, 74 L.Ed.2d 64 (1982). As State Farm notes in its brief, household exclusion clauses are not invalid in and of themselves. The principal purpose of such clauses is usually to protect insurers against collusive lawsuits. Because this is a legitimate goal, household exclusion clauses have been upheld by the courts of many states when they have not been in conflict with statutory requirements.[7] In the

---

4. As the trial court noted in its memorandum opinion, the Act never defines the term "third party."

5. The minimum amount of third-party liability insurance that an insured must possess is $25,000 per person injured in any one accident, and $50,000 for all persons injured in any one accident. D.C.Code § 35–2106(c).

6. According to State Farm's reasoning, if Mr. Smalls had not purchased this additional coverage, he would not have been compensated for his injuries allegedly caused by Mrs. Smalls' negligence. This lack of coverage would thereby have created an impermissible insurance gap, contrary to the Act's remedial purpose.

7. *Arceneaux v. State Farm Mutual Automobile Insurance Co.,* 113 Ariz. 216, 550 P.2d 87 (1976); *Stepho v. Allstate Insurance Co.,* 259 Ga. 475, 383 S.E.2d 887 (1989); *Farmers Insurance Group v. Reed,* 109 Idaho 849, 712 P.2d 550 (1985); *DeWitt v. Young,* 229 Kan. 474, 625 P.2d 478

present case, we hold that as long as the minimum insurance requirements of section 35–2106(c) are met, the household exclusion clause in Mr. Smalls' policy, limiting *further* third-party liability above and beyond the statutory minimum, is not inconsistent with the Act's remedial purpose.

The Maryland Court of Appeals has reached the same conclusion. In *Jennings v. Government Employees Insurance Co.,* 302 Md. 352, 488 A.2d 166 (1985), the court first held that an identical household exclusion clause in an automobile liability policy was invalid because it conflicted with Maryland's compulsory insurance statute. One year later, however, the same court, employing the same reasoning that we apply in this case, expanded its ruling in *Jennings* by holding household exclusion clauses in automobile insurance policies to be valid with respect to amounts above the minimum coverage required by statute. *State Farm Mutual Automobile Insurance Co. v. Nationwide Mutual Insurance Co.,* 307 Md. 631, 643, 516 A.2d 586, 592 (1986). Mrs. Smalls argues that Maryland case law is inapposite because the relevant portions of that state's automobile insurance statute differ significantly from those of its District of Columbia counterpart. A comparison of the two statutes, however, demonstrates that they are essentially the same in all material respects. *See* MD. ANN. CODE Art. 48A, § 541 (1995 Supp.); MD. TRANSP. CODE ANN. § 17–103(b)(1) (1992).

In sum, D.C.Code § 35–2106(c) requires third-party personal liability coverage for the minimum amounts of $25,000 per person and $50,000 for all persons injured in any one accident. Additionally, section 35–2109(*l*) allows insurers to provide coverage above these minimum amounts, but not below them. Although the household exclusion clause in Mr. Smalls' insurance policy cannot nullify

the minimum coverage mandated in section 35–2106(c), there is no bar to enforcement of the clause with respect to amounts greater than the minimum statutory requirements. The trial court was correct in so holding, and its judgment is in all respects

*Affirmed.*

(1981); *Staser v. Fulton,* 684 S.W.2d 306 (Ky. App.1984); *Bishop v. Allstate Insurance Co.,* 623 S.W.2d 865 (Ky.1981); *Clarke v. Progressive American Insurance Co.,* 469 So.2d 319 (La.App. 1985); *State Farm Mutual Automobile Insurance Co. v. Nationwide Mutual Insurance Co.,* 307 Md. 631, 516 A.2d 586 (1986); *Estate of Neal v. Farmers Insurance Exchange,* 93 Nev. 348, 566 P.2d 81 (1977); *State Farm Automobile Insurance Co. v. Alexander,* 62 Ohio St.3d 397, 583 N.E.2d 309 (1992); *Collins v. Farmers Insurance Co.,* 312 Or. 337, 822 P.2d 1146 (1991); *Segal v. Southern County Mutual Insurance Co.,* 832 S.W.2d 617 (Tex.Ct.App.1992); *State Farm Mutual Automobile Insurance Co. v. Mastbaum,* 748 P.2d 1042 (Utah 1987); *Allstate Insurance Co. v. Wyoming Insurance Dep't,* 672 P.2d 810 (Wyo. 1983). *See generally* Martin J. McMahon, Annotation, *Validity, Under Insurance Statutes, of Coverage Exclusion for Injury to or Death of Insured's Family or Household Members,* 52 A.L.R.4TH 18, 33–41 (1984).