Daniel M. NEWTON, Appellant,

v.

Carl Michael NEWTON, Appellee.

No. 95–CV–1354.

District of Columbia Court of Appeals.

Argued March 26, 1998.
Decided June 11, 1998.

Anne Meister, for appellant.

Thomas H. Queen, Washington, DC, for appellee.

Before KING and RUIZ, Associate Judges, and GALLAGHER,* Senior Judge.

PER CURIAM.

Daniel M. Newton, a minor, appeals the trial court's award of summary judgment to Carl Michael Newton, Daniel's brother who is also a minor, in this declaratory judgment action to determine the beneficiary of two life insurance policies in the name of Wanda Young, deceased, the mother of Daniel and Carl. The trial court concluded that the policies were plain and unambiguous and that, as a matter of law, Carl was the sole beneficiary of both policies. We affirm the trial court's award of summary judgment with respect to one policy and a portion of the second, but remand for further proceed-

---

* *Associate Judge* SCHWELB was originally assigned to this case; however, after oral argument, he recused and Senior Judge GALLAGHER was drawn to replace him.

ings with respect to another provision of the latter policy.

Carl was born on January 22, 1983, and Daniel was born on February 17, 1990. After Carl's birth, but before Daniel was born, Young obtained two life insurance policies. The first was a Federal Employee's Group Life Insurance policy ("FEGLI")[1] dated June 16, 1985, and the second, a Massachusetts Indemnity and Life Insurance Company ("MILICO") policy dated August 19, 1989. Both policies named Carl Michael Newton as primary beneficiary. Young never changed her original designation of beneficiary on either insurance policy.

On appeal, Daniel argues first that the trial court erred in ruling that the life insurance contracts were plain and unambiguous and in failing to take into account evidence that Young intended the benefits of both policies to be divided equally between her two sons in the event of her death. Daniel also argues that if we hold that the contracts were unambiguous based on our holding in *Penn Mutual Life Insurance Co. v. Abramson*, 530 A.2d 1202 (D.C.1987), this court should, *en banc*, overrule our holding in that case. Finally, Daniel argues that even if this court finds that the contracts were unambiguous, the trial court erred in failing to divide the Basic FEGLI benefits equally since Young did not designate a beneficiary for those benefits.

## I.

■ Our decision in this case is controlled by our holding in *Penn Mutual.* There, we held that a life insurance policy which required that any change of beneficiary be effected in writing, as did the policies here, could not be reformed to designate as beneficiary a child who was not named as beneficiary and who was born after the death of his insured father. We further held that neither the equitable doctrine of substantial compli-

ance nor the equitable imposition of a constructive trust applied to the facts of that case. In *Penn Mutual,* the designation of beneficiary was made to specific named children of the insured rather than to his children as a class. The same is true here, where the designated beneficiary was one named child rather than Young's children as a class.

Daniel argues that the trial court erred in its legal conclusion that the insurance contracts were plain and unambiguous "because the designation of Carl [ ... ] as the sole beneficiary is inconsistent with the unequivocal statements of Ms. Young's mother, sisters, brother and friend, as well as [the children's father], that she would have wanted her sons to be joint and equal beneficiaries."

■ We disagree. Our caselaw makes clear that "when a policy of insurance, properly executed, is delivered and accepted, it must be conclusively presumed to contain all the terms of the agreement for insurance by which the parties intended to be bound, and therefore, to be the final form of their binding agreement." *Bolle v. Hume,* 619 A.2d 1192, 1197 (D.C.1993) (quoting 19 Couch on Insurance 2d (Rev. ed.) § 79:126, at 101 (1983)). Therefore, the trial court, relying upon *Penn Mutual,* committed no error.[2]

## II.

Finally, in the event that we ruled against him on the question of whether *Penn Mutual* controls, Daniel makes an alternative argument with respect to the Basic FEGLI coverage. Specifically, he contends that a handwritten insertion of possibly qualifying language, *i.e.,* "Standard/Family," in three places on the Designation of Beneficiary form, should be interpreted as a failure to designate a beneficiary for the Basic coverage.[3] It is undisputed that where no beneficiary is designated, the two children would share the benefits in these circumstances

---

1. This policy has Basic, Standard, and Family coverage provisions. Only the Basic and Standard coverage are at issue here.

2. Anticipating this ruling, Daniel argues that this court should overturn our holding in *Penn Mutual.* Appellant is free to petition this court for

rehearing *en banc* following entry of judgment pursuant to D.C.App. R. 40.

3. Although the parties have assumed that the mother inserted this language, the record does not reveal how, when, or by whom, the entries were made.

under FEGLI's order of preference. Therefore, if Daniel is correct in his assertion that the handwritten insertion should be interpreted as a non-designation of benefits, he would be entitled to an equal share of the Basic FEGLI benefits.

We note that early in the proceeding in the trial court, this question was presented to Judge Margaret Haywood, who ruled in Daniel's favor. Because that ruling was later vacated by a second trial judge,[4] Daniel again presented this argument as an alternative ground in opposition to Carl's motion for judgment on the pleadings (which was treated by the trial judge as a motion for summary judgment). In granting that motion, the trial judge, apparently overlooking the alternative argument Daniel presented on the Basic FEGLI coverage, did not rule on that point.

In light of this history, we are of the view that this issue should be resolved, in the first instance, by the trial court. Moreover, we are satisfied that the added language creates an ambiguity with respect to the mother's intention regarding the beneficiary for the Basic coverage. This ambiguity allows the trial court to consider extrinsic evidence concerning the intent of the mother at the time she signed the beneficiary form. *See Smalls v. State Farm Mut. Auto. Ins. Co.,* 678 A.2d 32, 35 (D.C.1996). Accordingly, we remand the case for that purpose. By doing so, we express no view concerning the interpretation to be given the handwritten material added to the Designation of Beneficiary form.

For the foregoing reasons, the trial court's award of summary judgment to appellee on the MILICO policy and the Standard FEGLI policy, is affirmed. With respect to Basic FEGLI benefits, we remand the case to the trial court for further proceedings.[5]

*Affirmed in part; remanded in part.*

RUIZ, Associate Judge, concurring in part and dissenting in part:

I agree with the majority opinion that, under *Penn Mutual Life Insurance Co. v. Abramson,* 530 A.2d 1202 (D.C.1987), Ms. Young's designation in 1985 and 1989 of her first (and then only) son, Carl, as sole primary beneficiary under her life insurance policies, is unambiguous and, thus, effectively excluded her later-born son, Daniel, from benefitting under those policies. I dissent from the majority's conclusion with respect to appellant's alternative argument that the designation of beneficiary form is equally unambiguous in that the "basic" portion of Ms. Young's three-part FEGLI insurance was not included among the benefits provided to Carl, with the result that the basic coverage passes to both sons in accordance with the order of preference set out in the applicable federal statute.[1] The majority remands the case for consideration of extrinsic evidence of Ms. Young's intent with respect to the basic coverage after concluding, without explanation, that "the added [handwritten] language creates an ambiguity with respect to the mother's intention regarding the beneficiary for the Basic coverage." *See ante* at 1025. That conclusion has no support within the four corners of the document we are interpreting. In her handwriting Ms. Young made as clear as possible on the form that she was designating Carl as the sole primary beneficiary of only the "standard option" and "family" portions of her life insurance; she did not designate Carl the beneficiary for the "basic" portion of her insurance. Just as there is no ambiguity on the face of the document with respect to the designation of Carl as the sole primary beneficiary, so is there no ambiguity on the face of the document with respect to the insurance coverage for which Carl was to be the

---

4. Neither Judge Haywood's ruling, the order vacating her ruling, nor the reasoning in support of either, is in the record.

5. Because this is a "case" remand, we are returning the matter to the trial court for all purposes. Therefore, if either party wishes to obtain review in this court of any final order entered by the trial court in the future, a new notice of

appeal must be filed. *See Bell v. United States,* 676 A.2d 37, 41 (D.C.1996).

1. 5 U.S.C. § 8705 establishes the order of preference where there is no designated beneficiary. In this case the proceeds of the life insurance policy would go to "the child or children of the employee . . . ." 5 U.S.C. § 8705(a) (1994).

sole beneficiary. Because there is no ambiguity on the face of the form, there is no further fact-finding necessary. *See Penn Mut., supra,* 530 A.2d at 1210. Thus, there is no need to remand the case to the trial court to resolve a question of law that we review de novo.[2]

The difficulty with this case is not that the document is ambiguous—it is not—but that application of the rule in *Penn Mutual,* whether to exclude the later-born son, Daniel, as a beneficiary altogether, or to exclude the basic portion of the life insurance coverage from the benefits designated for the first-born, Carl, seems harsh where such exclusion appears to be the unintended consequence of a parent's inadvertence or failure to attend to updating legal documents upon the birth of a child. First, the instructions on the form itself lead the insured to designate a particular named individual, without providing guidance as to how such designation may affect children not yet born. Second, even assuming that Ms. Young had understood the consequence of her designation of Carl as her sole primary beneficiary, it is all too easy to understand that; within eight months of giving birth to her second child, Ms. Young would not have had occasion or given thought to changing legal forms that would only take effect in the event of her death. In this case, as in *Penn Mutual,* Ms. Young, a twenty-nine year-old mother of two young children, is not likely to have been thinking of death—particularly not the untimely violent murder that she suffered at the hand of her children's father.

In *Penn Mutual* we applied contract principles and held to a strict interpretation of the written document, once the terms on the face of the document are determined to be unambiguous. *See id.* The appellant suggests that we should revisit the holding of *Penn Mutual* or narrow it to apply only to situations where there is evidence that the party making the designation understands or has received advice about the consequences of a beneficiary designation in the circumstances of a case such as this. There is no question that as with any contract case, the trial court is equipped to engage in the fact-finding that would be required if the status of the parties or other extrinsic evidence were a relevant consideration in the initial interpretation of the document. Considering that life insurance policies are used for estate planning purposes, another approach would be to raise a presumption when interpreting life insurance agreements against exclusion of later-born children, as is the case in the vast majority of jurisdictions with respect to pretermitted heirs in wills. *See, e.g.,* MD. CODE ANN., EST. & TRUSTS §§ 3–301, 302 (1991 & Supp.1997); VA.CODE ANN. §§ 64.1–70, 71 (Michie 1995). Surprisingly, the District of Columbia has no similar rule providing for pretermitted children. There is, therefore, the question whether any step in that direction should be adopted by the court or left to legislative action as the issue involves public policy that should be informed by input from the community and experts in the field. In sum, as this division is bound by *Penn Mutual,* appellant's remedies are to initiate legislative action or seek review by the *en banc* court.

---

2. At oral argument, appellee's counsel agreed that the trial court's order rejected appellant's alternative argument and that a remand is not necessary.