Thomas P. ATHRIDGE and Thomas
P. Athridge, Jr., Appellants,

v.

AETNA CASUALTY & SURETY
CO., Appellee.

No. 02–7134.

United States Court of Appeals,
District of Columbia Circuit.

Filed: Jan. 23, 2004.

Erik Scott Jaffe, Law Office of Erik S.
Jaffe, Washington, DC, for Plaintiff–Appellant.

Lee H. Ogburn, Geoffrey H. Genth, Kramon & Graham, PA, Baltimore, MD, for
Defendant–Appellee.

Before GINSBURG, Chief Judge, and
EDWARDS, Circuit Judge, and
WILLIAMS, Senior Circuit Judge.

### *ORDER*

On consideration of appellants' petition
for rehearing filed on January 8, 2004, it is

ORDERED that appellants' petition for
rehearing is denied. With respect to their
claim under D.C.Code § 31–2406(c) reasons are stated in the attached memorandum.

MEMORANDUM

Appellants argue that the applicable policy exclusion—providing no coverage for
any person using a vehicle without a reasonable belief that he was entitled to do so
("reasonable belief exclusion")—is

preempted by the District of Columbia Compulsory No–Fault Motor Vehicle Insurance Act, D.C.Code §§ 31–2401 to –2413 ("No–Fault Act"), specifically the following section:

> Third-party personal liability coverage shall provide that any liability of an insured to pay for injury arising from an accident within or outside the District of Columbia, in accordance with applicable law, shall be paid by the insurer up to the amount established in the policy.

D.C.Code § 31–2406(c); see also § 31–2402(10) ("The term 'insured' means a named insured or any other person insured in an insurance policy, with the exception of those persons specifically excluded by endorsement on the insurance policy."); § 31–2403(c)(1) (incorporating District of Columbia statutory coverage requirements into auto insurance policies). Relying on *Smalls v. State Farm Mutual Automobile Insurance Co.*, 678 A.2d 32 (D.C.1996), appellants argue that because the reasonable belief exclusion allows Aetna to deny coverage in the circumstances specified (lack of a reasonable belief in entitlement), even where the insured is found liable to an injured third-party, the exclusion is preempted by § 31–2406(c).

Appellants' reliance on *Smalls* is misplaced. That case involved an insurer's attempt to limit third-party coverage to a particular class of *victims*, denying coverage to the insured and any members of the insured's household. See *Smalls*, 678 A.2d at 36. Similarly, the statutory findings note that "[a]pproximately 50% of the *victims* do not satisfy the prerequisites to compensation under the present law." D.C.Code § 31–2401(a)(2)(A) (emphasis added). *Smalls* says nothing about an insurer's ability to exclude coverage for named insureds on the basis of the *insured's behavior*, and similarly the statutory findings make no reference to any problem with policy exclusions based on behavior of insureds, see D.C.Code § 31–2401(a)(A)-(C).

Yet under appellants' reading of the statute and of *Smalls*, all ordinary policy exclusions would become invalid; once someone is named in an insurance policy, the insurance company would be liable for the statutory minimum amount of third-party liability coverage under all circumstances. Cf. *Smalls*, 678 A.2d at 36 (finding household exclusion clause "invalid only to the extent" of any conflict, and that, so long as the minimum requirements of § 31–2406(c) are met, limits on further liability are not inconsistent with the Act). It seems highly improbable that the District of Columbia legislature intended such a dramatic change to customary insurance practices. Appellants' reading would, for example, override exclusions of liability for an insured's deliberate misconduct, which are ubiquitous, and which constrain the moral hazard that liability insurance may produce. See Eric Mills Holmes & Mark S. Rhodes, *Holmes's Appleman on Insurance 2d* § 3.6, at 371–384 (2d ed.1996). On the other hand, Aetna's reading of § 31–2406(c) allows the contract to exclude indemnity for certain types of insured party behavior, but assures that a victim who prevails in court against the insured will not be denied access to a minimum level of coverage merely because of his identity.