[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10169

Non-Argument Calendar

_____

DC CAPITAL LAW FIRM, LLP,

Plaintiff-Counter Defendant-Appellant,

*versus*

THE HANOVER INSURANCE COMPANY,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-80512-AHS

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant DC Capital Law Firm, LLP (DC Capital), appeals the district court's grant of judgment on the pleadings in favor of The Hanover Insurance Company (Hanover). After careful review, we affirm.

## I.

DC Capital obtained a Lawyers Professional Liability Insurance Policy (Policy) from Hanover. Under the Policy, Hanover would pay for claims which DC Capital is legally obligated to pay if the "Claim [is] first made against Insured [DC Capital] during the Policy Period . . . [and] arising from a Wrongful Act in the rendering or failure to render Professional Services."[1] The Policy applies to claims made from December 21, 2018, through December 21, 2019 (Policy Period). The Policy defines a claim as:

    A.  Oral or written demand received by an Insured for monetary or non-monetary relief including injunctive relief;

    B.  Civil proceeding commenced by the service of a complaint or similar pleading;

---

[1] For claims made during the policy period or in the extended reporting period, DC Capital had to show that the Wrongful Act must have occurred after December 21, 2017; DC Capital "had no knowledge of the Claim or facts which could have reasonably caused such Insured to foresee the Claim, prior to the effective date" of the Policy; and DC Capital properly reported the claim.

C.  Formal administrative or regulatory proceeding commenced by the filing of charges, formal investigative order or similar document;

D.  Arbitration or mediation proceeding commenced by the receipt of a demand for arbitration or mediation or similar document; or

E.  Written request first received by an Insured to toll or waive a statute of limitations relation to a potential Claim described in A. through D. above;

Against an Insured for a Wrongful Act, including an any appeal therefrom.

In November 2018, several individuals and companies sued DC Capital in the Southern District of Florida. On December 19, 2018, DC Capital's registered agent was served with the complaint and summons. DC Capital received those documents on December 27, 2018. DC Capital made a claim under the Policy, but Hanover denied coverage, asserting that the claim was first made outside the policy period. DC Capital sued Hanover for breach of contract, alleging that Hanover improperly denied coverage for a claim made during the Policy Period. Hanover answered, asserted affirmative defenses, and brought a counterclaim.

Hanover moved for judgment on the pleadings, arguing that this claim was first made outside the Policy Period. The district court granted the motion for judgment on the pleadings, agreeing with Hanover that the claim was first made on DC Capital on December 19, 2018, two days before the Policy Period. DC Capital timely appealed.

## II.

DC Capital argues that the district court erred when it granted Hanover's motion for judgment on the pleadings,[2] finding that the claim was not made during the Policy Period.

Whether an insurer has a duty to defend "is determined generally by the terms of the insurance policy and the allegations in the complaint against the insured." *Stevens v. United Gen. Title Ins. Co.*, 801 A.2d 61, 67 (D.C. 2002) (internal quotation marks omitted).[3] "An insurance policy is a contract between the insured and the insurer, and in construing it [a court] must first look to the language of the contract." *Cameron v. USAA Prop. & Cas. Ins. Co.,* 733 A.2d 965, 968 (D.C. 1999). When insurance policies "are clear and unambiguous, they will be enforced by the courts as written." *Smalls v. State Farm Mut. Auto. Ins. Co.*, 678 A.2d 32, 35 (D.C. 1996). The

---

[2] "We review a judgment on the pleadings *de novo*." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cont'l Cas. Co. v. Winder Lab'ys, LLC*, 73 F.4th 934, 940 (11th Cir. 2023) (internal quotation marks omitted). "We must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Cannon*, 250 F.3d at 1301.

[3] Hanover asserted that District of Columbia law applies. Although DC Capital did not specifically argue otherwise, DC Capital and Hanover agreed that the laws of District of Columbia and Florida were substantially similar and that the outcome would be the same no matter which state laws apply. For simplicity, this opinion references only District of Columbia law, but agrees with the district court—and the parties—that the resolution remains the same under both states.

insured must show that the action for which it seeks coverage falls within the policy's coverage, and if it falls within the coverage, the insurer must show that an exclusion under the policy applies. *See Cont'l Cas. Co. v. Cole,* 809 F.2d 891, 895 (D.C. Cir. 1987).

DC Capital has failed to show that the Policy covers this claim. In looking at the language of the Policy, it covers claims first made *during the Policy Period.* The Policy Period began on December 21, 2018. DC Capital does not dispute that its registered agent received the summons and complaint on December 19, 2018, which is outside the Policy Period. Instead, DC Capital argues that the Policy is triggered when DC Capital learned about the claim and gives notice to Hanover. DC Capital asserts that it learned about the claim on December 27, 2018, when it received the summons and complaint from its registered agent. But this argument ignores how the Policy defines a claim. Specifically, the Policy explains that when the service of process of a civil proceeding occurred on DC Capital's registered agent, then a claim was first made on DC Capital. Because service of process occurred on December 19, 2018, the claim was first made on that date. As a result, the claim was made two days before the start of the Policy Period and falls outside the Policy's coverage.

Thus, the district court did not err granting judgment on the pleadings in favor of Hanover.

**AFFIRMED.**