HARLEYSVILLE INS. CO.

v.

MAC'S SEPTIC SERVICE, et al.

No. CIV.A. WMN–01–226.

United States District Court,
D. Maryland.

Sept. 18, 2002.

William Carlos Parler, Jr., Parler and Wobber LLP, Towson, MD, for Plaintiff.

C. Thomas Brown, Karl Hieber Fockler, Fockler and Fockler, Elkton, MD, for Defendants.

### MEMORANDUM

NICKERSON, Senior District Judge.

Before the Court is Plaintiff's Motion for Summary Judgment (Paper No. 14). The motion has been fully briefed and is ripe for decision. Upon a review of the pleadings and applicable case law, this Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiff's motion will be granted.

### I. BACKGROUND

Defendant, Mac's Septic Service, T/A Robert Townsend, Jr., was insured under a Commercial Auto Policy and a Commercial Umbrella Liability Policy with Plaintiff, Harleysville Mutual Insurance Company. The Commercial Auto Policy had a liability limit of $500,000 per each accident, and the Commercial Umbrella Liability Policy had an aggregate limit of $1,000,000. On September 1, 2000, Plaintiff issued a Named Driver Exclusion for Defendant Robert Townsend III as a result of the suspension of Townsend's driver license due to a citation for attempting to drive under the influence. This Named Driver Exclusion applied to the Auto policy and stated that "this policy shall not apply to any claims arising from accidents which occur while any 'auto' is being operated by [Robert Townsend, III]." Robert Townsend, Jr. read and signed the exclusion.

On December 18, 2000, while driving a 1994 GMC LowPro Topkick truck which was owned by Robert Townsend, Jr. and Mac's Septic Service, Robert Townsend III was involved in a motor vehicle accident. At the time of the accident, Robert Townsend III was covered under a policy issued by the Maryland Automobile Insurance Fund (MAIF). Plaintiff filed this action seeking a declaratory judgment order relieving Plaintiff of any duty to defend or indemnify Defendant for any claims arising out of the December 18, 2000 accident and has now filed a motion for summary judgment.

## II. LEGAL STANDARD

Summary judgment is proper if the evidence before the court, consisting of the pleadings, depositions, answers to interrogatories, and admissions of record, establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rule 56 mandates the entry of summary judgment against a party who, after reasonable time for discovery and upon motion, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548.

If the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence in the form of depositions, affidavits or other documentation which demonstrates that a triable issue of fact exists for trial. *Id.* at 324, 106 S.Ct. 2548. The non-moving party is entitled to have "all reasonable inferences ... drawn in its respective favor." *Felty v. Graves–Hum-*

*phreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987). Furthermore, the mere existence of some factual dispute is insufficient to defeat a motion for summary judgment; there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, only disputes over those facts that might affect the outcome of the case under the governing law are considered to be "material." *Id.*

Finally, because the matter is before the Court in diversity, the Court is bound by the applicable Maryland substantive law. 28 U.S.C. § 1652; *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## III. DISCUSSION

In general, insurance policies are contracts between the insured and the insurer, and are interpreted as such by the courts. *Pacific Indem. Co. v. Interstate Fire & Cas. Co.*, 302 Md. 383, 388, 488 A.2d 486, 488 (Md.1985). A court must construe the instrument as a whole in order to determine the intention of the parties to the contract. *Id.* Maryland does not follow the rule that insurance policies should, as a matter of course, be construed against the insurer. *Dutta v. State Farm Ins.*, 363 Md. 540, 556, 769 A.2d 948, 952 (Md.2001) (citations omitted). Instead, ordinary principles of contract interpretation apply. *Id.* Accordingly, if no ambiguity in the terms of the insurance contract exists, a court has no alternative but to enforce those terms. *Id.* "Nevertheless, under general principles of contract construction, if an insurance policy is ambiguous, it will be construed liberally in favor of the insured and against the insurer as drafter of the instrument." *Empire Fire & Marine Ins. Co. v. Liberty Mut. Ins. Co.*, 117 Md.App. 72, 97–98, 699 A.2d 482, 494, *cert.*

*denied,* 348 Md. 206, 703 A.2d 148 (Md. 1997).

In this case, the Court must interpret two insurance contracts: the Commercial Auto policy and the Commercial Umbrella Liability policy. First, with respect to the Commercial Auto policy, Plaintiff's Named Driver Exclusion precludes coverage for any claim arising out of the December 18, 2000, accident. Maryland law specifically permits the named driver exclusion. Md.Code Ann., Ins. § 27–606 (1997). Plaintiff was justified in issuing such an exclusion because the Motor Vehicle Administration had suspended Robert Townsend III's license.[1] Furthermore, Maryland law specifically allows an insurance company to exclude all coverage for the excluded operator or user, the vehicle owner, family members residing in the household of the excluded operator or user, or any other individual when the named excluded driver is operating a motor vehicle covered under the policy. Md. Code Ann., Ins. § 27–606(c). Here, Plaintiff excluded coverage for "any claims arising from accidents which occur while any 'auto' is being operated by [Robert Townsend III]." Named Driver Exclusion, Pl.'s Exh. 2. Therefore, Plaintiff is under no obligation to indemnify or defend Mac's Septic Service, Robert Townsend, Jr. or Robert Townsend III, under the Commercial Auto policy.

Second, Defendant possessed a Commercial Umbrella Liability policy which provided excess coverage above the limit of the underlying policy for damages incurred because of " 'bodily injury' or 'property damage' covered by [the Umbrella policy]."[2] Comm. Umbrella Liab. Pol. § 1, ¶ 1, Pl.'s Exh. 1. The Umbrella policy contained several exclusions to coverage, one of which was the Auto Liability Limitation. This exclusion stated that the

> [the Umbrella policy] does not apply to any liability for "bodily injury", "property damage" or "personal injury" arising out of the ownership, maintenance, operation, use, loading or unloading or any "auto" *unless* the liability is covered by valid and collectible "underlying insurance" as listed in the Schedule of Underlying Insurance, for the full limit shown, and then only for the hazards for which coverage is afforded by "underlying insurance."

Form BC–7105, Pl.'s Ex. 1 (emphasis added). Thus, under the terms of the Auto Liability Limitation, the Umbrella policy will not cover liability for bodily injury from an auto accident unless there is underlying liability coverage in the amount stated on the schedule, $500,000, and then the umbrella coverage will be limited to the hazard coverage provided by the underlying insurance. In this case, although Defendant maintained the Commercial Auto policy in the amount of $500,000 (as listed in the Schedule of Underlying Insurance), the policy did not cover Robert Townsend III because of the Named Driver Exclusion. Robert Townsend III was insured by a MAIF policy, but that policy had limits of just $20,000/$40,000, much less than the amount stated on the Schedule of Underlying Insurance.

---

1. Maryland law allows an insurance company "to exclude all coverage when a motor vehicle is operated by the specifically named individual ... whose ... driving record could have justified the cancellation, nonrenewal, or premium increase." Md.Code Ann., Ins. § 27–606(a)(2).

2. An umbrella policy is designed to protect the insured against catastrophic losses. A person procures an umbrella or excess policy to provide insurance coverage in excess of other underlying insurance policies. In this case, Defendants' umbrella policy covered three underlying policies: an auto liability policy, an employer's liability policy, and a general liability policy.

Defendant argues that Paragraph 9 of the Conditions of the Umbrella policy contradicts the Auto Liability Limitation, and therefore, the Umbrella policy should provide coverage for any loss that exceeds $500,000. Def.'s Opp. at 6–7. Paragraph 9 of the Conditions of the Umbrella policy states, in part, that the insured

> shall maintain in force the insurance afforded by each policy listed in the Schedule of Underlying Insurance ... for the full term of this insurance. . . . If you fail to comply with the above, this insurance is not invalidated. However, in the event of a loss, we will pay only to the extent that we would have paid had you so complied.

Comm. Umbrella Liab. Pol., § 4, ¶ 9, Pl.'s Exh. 1.

The Court disagrees with Defendant's arguments and finds that the two sections do not contradict. Paragraph 9 applies to the entire Umbrella policy and deals with the maintenance of the policies listed in the Schedule of Underlying Insurance, specifically, the maintenance of the terms, conditions, and limits of those policies. It requires no set limit, just that the applicable limit is maintained.[3] If the insured changes a term, condition, or limit of the "underlying insurance," Paragraph 9 protects the Umbrella coverage to some extent. The Auto Liability Limitation, however, is an exclusion from umbrella policy coverage. It requires an amount or limit of coverage and applies specifically to bodily injury arising from the use of cars. In this case, the issue is not whether Robert Townsend Jr. maintained the underlying Commercial Auto policy (it is undisputed that he did), the issue is whether that policy provided coverage for Robert Townsend III. The Named Driver Exclusion operated to exclude Robert Townsend III from any coverage under the auto policy. Additionally, assuming that the MAIF policy fits into the definition of "underlying insurance," Robert Townsend Jr. maintained that policy for the applicable period. With respect to the MAIF policy, the issue is not whether the policy was maintained in force or changed in any way, but the issue is whether the policy had the right amount of coverage. The MAIF policy did not because it provided coverage for only $20,000/$40,000, instead of the required $500,000. Therefore, the Umbrella policy applies to none of Robert Townsend III's liability for "bodily injury," "property damage," or "personal injury" arising out of the December 18, 2000 accident.

With respect to Umbrella policy coverage of Mac's Septic Service and Robert Townsend, Jr., the Named Driver Exclusion specifically excludes all coverage for any claims arising out of Robert Townsend III's operation of an insured vehicle. The underlying auto policy provides no coverage for either Defendant, and consequently, neither does the Commercial Umbrella policy.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment will be GRANTED. Plaintiff is relieved of any duty to defend or indemnify Defendants for any claims arising out of the December 18, 2000 accident. A separate order consistent with this memorandum will issue.

---

**3.** Paragraph 9 mandates that "[t]he terms, conditions, and endorsements of 'underlying insurance' will not materially change and renewals or replacements of 'underlying insurance' will not be more restrictive in coverage. Limits of 'underlying insurance' will not be reduced except for any reduction or exhaustion of the aggregate limit(s) of insurance due to the payment of claims or defense." Comm. Umbrella Liab. Pol., § 4, ¶ 9, Pl.'s Exh. 1.

### ORDER

Pursuant to the foregoing memorandum, and for the reasons stated therein, IT IS this    day of September, 2002, by the United States District Court for the District of Maryland, hereby ORDERED:

1. That Plaintiff's Motion for Summary Judgment (Paper No. 14) is hereby GRANTED;

2. That it is declared that Plaintiff is relieved of any duty to defend or indemnify Defendants for any claims arising out of the December 18, 2000 accident;

3. That this case is hereby CLOSED;

4. That any and all prior rulings made by this Court disposing of any claims against any parties are incorporated by reference herein and this order shall be deemed to be a final judgment within the meaning of Fed.R.Civ.P. 58; and

5. That the Clerk of the Court shall mail or transmit copies of the foregoing memorandum and this order to all counsel of record.