878 A.2d 623

**Keith Alan ZELINSKI, et al.**

v.

**Robert Malcolm TOWNSEND, III, et al.**

**No. 2087 Sept. Term, 2003.**

Court of Special Appeals of Maryland.

July 8, 2005.

**212**

---

William S. Patterson, Baltimore, (Andrew Janquitto and Gary A. Berger, on the brief), Towson, for appellant.

William C. Parler, Jr., Towson, for appellee.

Panel: MURPHY, C.J., JAMES R. EYLER, JAMES S. GETTY, (Retired, specially assigned), JJ.

MURPHY, C.J.

This appeal arises out of a December 18, 2000 automobile accident in which appellants Angela Gail Zelinski and Dylan Walter Zelinski sustained injuries that were caused by the negligence of appellee Robert Malcolm Townsend, III (Robert, III). At the time of the accident, Robert, III was driving a vehicle owned by "Mac's Septic Service" and insured by appellee Harleysville Mutual Insurance Co. (Harleysville). In the Circuit Court for Cecil County, appellants sued Robert, III and his parents, appellees Robert Malcolm Townsend, Jr. (Robert, Jr.) and Louise Townsend, the owners/operators of Mac's Septic Service. Instead of defending the Townsends in that lawsuit, Harleysville filed a COMPLAINT FOR DECLARATORY JUDGMENT in which it requested that the United States District Court for the District of Maryland

find and declare that Harleysville is under no duty to defend or indemnify Mac's Septic Service, Robert Townsend, Jr., Robert Townsend, III or any agents of Mac's Septic Service against any claims, or for any sums which Mac's Septic Service, Robert Townsend, Jr., Robert Townsend, III or any agents of Mac's Septic Service may incur and pay by reason of the alleged injuries sustained by Angela Zelinski or any member of the Zelinski family or any other party as a result of the accident of December 18th, 2000.

Appellants were not parties to the federal declaratory judgment action, which concluded with a determination that Harleysville "is relieved of any duty to defend or indemnify [Mac's Septic Service and/or any of the Townsends] for any claims arising out of the December 18, 2000 accident." *Harleysville Ins. Co. v. Mac's Septic Service, et al.*, 225 F.Supp.2d 595, 599 (D.Md.2002).

Appellants' lawsuit against the Townsends was litigated in the Circuit Court for Cecil County. At the conclusion of a

three day jury trial, the jury returned verdicts that included the following findings of fact:

1. [Appellee] Robert Malcolm Townsend, III was negligent.

2. [Appellee] Robert Malcolm Townsend, III was acting within the scope of his employment.

3. [Appellee] Robert Malcolm Townsend, Jr. was an owner of Mac's Septic Service.

4. [Appellee] Louise Townsend was an owner of Mac's Septic Service.

The jury awarded damages in the amount of $4,480,206.17 to Angela and in the amount of $1,557,282.00 to Dylan. After the circuit court had reduced the awards (pursuant to the "cap" statute) and entered judgments in favor of the appellants, (1) the appellants filed a REQUEST FOR ISSUANCE OF WRIT OF GARNISHMENT DIRECTED TO GARNISHEE HARLEYSVILLE MUTUAL INSURANCE COMPANY, and (2) Harleysville responded to that request by filing an answer that included the following assertions:

6. On December 18th, 2000 Harleysville Mutual Insurance Company had in effect for Mac's Septic Service and Robert Townsend, Jr. a Commercial Auto Policy with a liability limit of $500,000 per each accident, and a Commercial Umbrella Liability policy with an aggregate limit of one million dollars. These coverages did not apply when Robert Townsend, III was driving. On September 1st, 2000 Harleysville Mutual Insurance Company issued a named driver exclusion for Defendant Robert Townsend, III as a result of a suspension of his driver's license due to a citation for attempting to drive under the influence.

7. Since September 1st, 2000, there is no coverage under the Harleysville Mutual Insurance Company policies for any accident involving the operation of a motor vehicle by Robert Townsend, III. Following the accident of December 18th, 2000, Harleysville Mutual Insurance Company filed a Complaint for Declaratory Judgment in the U.S. District Court for the District of Maryland. On September 18th,

2002, the Honorable Judge Nickerson of the U.S. District Court for the District of Maryland issued a Declaratory Order relieving Harleysville Mutual Insurance Company of any duty to defend or indemnify Mac's Septic Service, Robert Townsend, Jr. or Robert Townsend, III for any claims arising out of the accident of December 18th, 2000. I have reviewed Judge Nickerson's opinion in *Harleysville Ins. Co. v. Mac's Septic Service*, 225 F.Supp.2d 595 (D.Md. 2002).

8. Harleysville Mutual Insurance Company owes no debt either under an insurance contract or otherwise, to Mac's Septic Service, Robert Townsend, Jr., Robert Townsend, III, or Louise Townsend for any claims arising out of the December 18th, 2000 accident. Harleysville Mutual Insurance Company does not owe any debt, or have any other obligation, monetary or otherwise, to Mac's Septic Service, Robert Townsend, Jr., Robert Townsend, III or Louise Townsend.

The circuit court ultimately

**ORDERED,** that [appellee Harleysville Mutual Insurance Co.'s] Amended Motion to Dismiss the Writ of Garnishment is hereby Granted; or in the alternative, it is hereby

**ORDERED,** that [appellants'] Writ of Garnishment is hereby Quashed.

This appeal followed, in which appellants present two questions for our review:

1. Whether the lower court erred in determining that the writ of garnishment was barred by res judicata or collateral estoppel.

2. Whether the lower court erred in determining that the named driver exclusion was authorized by the General Assembly.

For the reasons that follow, although we answer "yes" to each of these questions, further proceedings are required to determine the *amount* of the writ of garnishment to which appellants are entitled.

## I.

■ It is well settled that, in a declaratory judgment action initiated by an insurance company that seeks to be "relieved of any duty to defend or indemnify" its insured against claims arising out of an accident caused by the insured's negligence, the insured is not in privity with a victim of the insured's negligence. Therefore, because appellants were not parties to the federal declaratory judgment action, there is no merit in the argument that the writ of garnishment was properly quashed on the ground of either res judicata or collateral estoppel.

## II.

■ Appellants argue that the Named Driver Exclusion, which expressly excludes all coverage for any claims arising out of Robert, III's operation of an insured vehicle, is invalid because such an exclusion is not authorized by Md.Code Ann., Ins., § 27–606. According to appellants, in § 27–606(a)(1), the General Assembly has limited its approval of a Named Driver Exclusion to those liability policies that are "issued in the State to a resident of a household, under which more than one individual is insured." This argument is supported by the legislative history.

In 1989, Chapter 367 of the Laws of Maryland repealed and reenacted the Named Driver Exclusion then found in Article 48A, § 240C–1, by enacting House Bill 62, which expressly limited this exclusion to "an automobile liability insurance policy ISSUED IN THIS STATE TO ANY RESIDENT OF A HOUSEHOLD." According to the FLOOR REPORT that accompanied House Bill 62:

**SUMMARY:**

This bill does several things:

5) Clarifies that the right to exclude a driver under an automobile policy issued in Maryland is limited to policies of private passenger motor vehicle liability insurance.

**BACKGROUND**

5) Currently, the language of Art. 48A, § 240C–1 generally deals with the exclusion of an individual in the Insured's household and is applied to policies of private passenger motor vehicle policies. The bill clarifies that the right to exclude drivers does not accrue to policies of commercial motor vehicle insurance.

From our review of the above quoted legislative history,[1] we are persuaded that the Named Driver Exclusion in a commercial motor vehicle insurance policy is void. Appellants are therefore entitled to a writ of garnishment against Harleysville. Further proceedings are required, however, to determine the precise *amount* to which appellants are entitled.

### Proceedings on Remand

Maryland law "certainly does not *require* insurance companies to provide coverage greater than that mandated by statute." *Stearman v. State Farm,* 381 Md. 436, 448, 849 A.2d 539 (2004). The circuit court must determine whether Harleysville's liability is limited to the statutorily required minimum amount of coverage. This determination must be consistent with the analysis found in *West American v. Popa,* 352 Md. 455, 723 A.2d 1 (1998), in which the Court of Appeals stated:

In *State Farm Mut. v. Nationwide, supra*[307 Md. 631, 516 A.2d 586 (1986)], this Court held that a "household exclusion" to liability coverage in an automobile insurance policy was invalid only to the extent of the $20,000/$40,000 statutorily prescribed minimum liability coverage. The holding of the *State Farm Mut.* Case, however, has not been applied by this Court to any other automobile insurance policy exclusions or provisions. Moreover, we have specifically declined to apply the *State Farm Mut.* holding in a context other than the household exclusion to liability

---

1. There is no indication that the legislative history was brought to the attention of Judge Nickerson during the federal declaratory judgment action.

coverage. *See Van Horn v. Atlantic Mutual, supra,* 334 Md. at 694–696, 641 A.2d at 207–208.

Adoption of the broad proposition advanced by West American would permit insurers to load up motor vehicle insurance policies with a multitude of invalid exclusions, thereby limiting coverage in numerous situations to the statutory minimums instead of the stated coverage limits set forth on the insured's declaration page. For example, an insured could purchase what he believed was $300,000 liability insurance, pay a premium for $300,000 liability insurance, and, after an accident, discover that he has only $20,000/$40,000 liability insurance because the circumstances fell within one or more of the many invalid exclusions or exceptions in the insurance policy. Persons who paid much more in premiums for coverage in excess of minimums could, in many circumstances, receive no more than those who only paid for minimum coverages. Consequently, we decline to extend the holding of *State Farm Mut. v. Nationwide, supra,* beyond the household exclusion clause which was involved in that case.

*Id.* at 477, 723 A.2d 1.

█ Based upon that analysis, we are persuaded that Harleysville's liability under the commercial policy is limited to the statutorily minimum coverage only if Harleysville establishes that the Named Driver Exclusion at issue in this case was either (1) accompanied by a reduction in premiums, or (2) issued at the request of the insured to avoid an increase in premiums.

As to the issue of Harleysville's liability under the umbrella policy, the Complaint it filed in federal court included the following assertion:

The Harleysville's commercial umbrella liability policy excludes coverage for any claims arising out of an auto accident when there is no underlying liability insurance available for the claims[.]

█ Although we have held that there is "underlying liability insurance available" under the commercial policy, we are

persuaded that the amount of Harleysville's additional liability under the umbrella policy should also depend upon whether Harleysville can establish that the Named Driver Exclusion at issue in this case was either (1) accompanied by a reduction in premiums, or (2) issued at the request of the insured to avoid an increase in premiums. Unless Harleysville can establish either of these facts, its additional liability under the umbrella policy is not limited to the statutorily minimum coverage.

It is well established that, in the absence of fraud and/or collusion, when a liability insurer elects not to defend an action against the insured, the judgment returned in that action is binding on the insurer when the insurer is later sued by the person who obtained the judgment against the insured. *See* 27 A.L.R.3d 350 and cases cited therein. For this reason, Harleysville will be entitled to a new trial—at which counsel retained by Harleysville will have an opportunity to relitigate the issues of liability and damages that have been decided by the jury—only if Harleysville proves to the circuit court that, as a result of fraud and/or collusion such as a Mary Carter type agreement,[2] the Townsends' trial counsel did not make a bonafide effort to obtain the most favorable result that could be obtained under the circumstances.

**ORDER QUASHING WRIT OF GARNISHMENT VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION; HARLEYSVILLE MUTUAL INSURANCE COMPANY TO PAY THE COSTS.**

---

**2.** *See General Motors Corp. v. Lahocki,* 286 Md. 714, 720, 410 A.2d 1039 (1980).